PEOPLE v PINNIX

Docket No. 103826. Submitted December 22, 1988, at Detroit. Decided
    January 18, 1989. Leave to appeal applied for.

Defendant, James D. Pinnix, was charged in the Recorder's Court
    for the City of Detroit with possession of cocaine with intent to
    deliver and possession of marijuana with intent to deliver
    following a search of his single-family residence pursuant to a
    search warrant. The warrant was obtained after the police
    searched without a warrant garbage bags which defendant had
    placed out for curbside collection and found evidence of drug
    use and trafficking. The trial court, Dominick R. Carnovale, J.,
    granted defendant's motions to quash the warrant, suppress the
    evidence, and dismiss the charges after finding that the search
    of the garbage bags without a warrant violated the Fourth
    Amendment. The people appealed.

    The Court of Appeals *held:*

    The Fourth Amendment does not prohibit the search and
    seizure without a warrant of garbage bags left at the curb
    outside a single-family home. Defendant did not have a reason-
    able expectation of privacy in the inculpatory items that he
    deposited in his garbage.

    Reversed.

1. SEARCHES AND SEIZURES — TRASH BAGS — SEARCH WARRANTS —
    FOURTH AMENDMENT.

    The Fourth Amendment does not prohibit the search and seizure
    without a warrant of garbage bags left at the curb outside a
    single-family home; what a person knowingly exposes to the
    public is not a subject of Fourth Amendment protection.

2. SEARCHES AND SEIZURES — EXPECTATION OF PRIVACY — FOURTH
    AMENDMENT.

    An expectation of privacy does not give rise to Fourth Amend-
    ment protection unless society is prepared to accept that expec-
    tation as objectively reasonable.

REFERENCES
Am Jur 2d, Searches and Seizures § 97.5.
Searches and Seizures: reasonable expectation of privacy in con-
    tents of garbage or trash receptacle. 28 ALR4th 1219.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*James C. Howarth,* for defendant.

Before: MacKenzie, P.J., and Cynar and M. E. Kobza,* JJ.

Per Curiam. Defendant was charged with possession of cocaine with intent to deliver, MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a), and possession of marijuana with intent to deliver, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), following a search of his residence pursuant to a search warrant. The trial court subsequently granted defendant's motions to quash the warrant and suppress the controlled substances as evidence and dismissed the charges. The people appeal as of right. We reverse.

The issue in this case is whether probable cause for issuance of a search warrant may be based on the fruits of a search without a warrant of household garbage set out for curbside collection. After receiving information that defendant was involved in marijuana trafficking, police officers on three occasions went to defendant's single-family residence in Westland without a warrant and removed a total of seven plastic garbage bags which had been set out for municipal trash collection. The bags had been placed at the foot of defendant's driveway next to the mailbox, which was mounted on a post next to the curb. They were opaque white and had been tied shut. The contents of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

bags were examined at a police station, and allegedly included marijuana, paper seals folded in a manner used to package cocaine, ledgers, and notes indicating drug use and trafficking. Based upon the search of defendant's garbage, a search warrant for defendant's residence was obtained and executed. Approximately 109 grams of cocaine and 447 grams of marijuana were seized as evidence.

Defendant, relying on *People v Whotte,* 113 Mich App 12; 317 NW2d 266 (1982), lv den 414 Mich 950 (1982), contended that the search of the garbage bags without a warrant violated the Fourth Amendment of the United States Constitution, requiring the warrant for the search of his residence to be quashed and the items seized to be suppressed. The trial court agreed. On appeal, the people essentially argue that *Whotte* was wrongly decided. We find it unnecessary to consider this argument since, as the people note in a supplemental brief, the United States Supreme Court has recently held that the Fourth Amendment does not prohibit the search and seizure without a warrant of garbage bags left at the curb outside a single-family home. *California v Greenwood,* 486 US —; 108 S Ct 1625; 100 L Ed 2d 30 (1988).

The facts in *Greenwood* are nearly identical to those in the instant case. The police in *Greenwood* had information that the defendants might be engaged in narcotics trafficking from their single-family home. On two occasions, officers arranged to have the neighborhood's trash collector, after clearing his truck bin of all other refuse, pick up the opaque plastic garbage bags that the Greenwoods had left on the curb in front of their house and turn the bags over to the police. On both occasions, a search of the garbage produced evidence of narcotics use. Information gleaned from

the trash searches was used to support warrants for the search of the Greenwood home. The California courts concluded that the searches of the trash without a warrant violated the Fourth Amendment. The Supreme Court reversed:

> The warrantless search and seizure of the garbage bags left at the curb outside the Greenwood house would violate the Fourth Amendment only if respondents manifested a subjective expectation of privacy in their garbage that society accepts as objectively reasonable. *O'Connor v Ortega,* 480 US —, —; 107 S Ct 1492; 94 L Ed 2d 714 (1987); *California v Ciraolo,* 476 US 207, 211; 106 S Ct 1809; 90 L Ed 2d 210 (1986); *Oliver v United States,* 466 US 170, 177; 104 S Ct 1735; 80 L Ed 2d 214 (1984); *Katz v United States,* 389 US 347, 361; 88 S Ct 507; 19 L Ed 2d 576 (1967) (Harlan, J., concurring). Respondents do not disagree with this standard.
>
> They assert, however, that they had, and exhibited, an expectation of privacy with respect to the trash that was searched by the police: The trash, which was placed on the street for collection at a fixed time, was contained in opaque plastic bags, which the garbage collector was expected to pick up, mingle with the trash of others, and deposit at the garbage dump. The trash was only temporarily on the street, and there was little likelihood that it would be inspected by anyone.
>
> It may well be that respondents did not expect that the contents of their garbage bags would become known to the police or other members of the public. An expectation of privacy does not give rise to Fourth Amendment protection, however, unless society is prepared to accept that expectation as objectively reasonable.
>
> Here, we conclude that respondents exposed their garbage to the public sufficiently to defeat their claim to Fourth Amendment protection. It is

common knowledge that plastic garbage bags left on or at the side of a public street are readily accessible to animals, children, scavengers, snoops, and other members of the public. See [*People v*] *Krivda,* 5 Cal 3d [357, 367; 96 Cal Rptr 62, 69; 486 P2d 1262, 1269 (1971)]. Moreover, respondents placed their refuse at the curb for the express purpose of conveying it to a third party, the trash collector, who might himself have sorted through respondents' trash or permitted others, such as the police, to do so. Accordingly, having deposited their garbage "in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it," *United States v Reicherter,* 647 F2d 397, 399 (CA 3, 1981), respondents could have had no reasonable expectation of privacy in the inculpatory items that they discarded.

Furthermore, as we have held, the police cannot reasonably be expected to avert their eyes from evidence of criminal activity that could have been observed by any member of the public. Hence, "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v United States, supra,* 389 US at 351; 88 S Ct at 511. [108 S Ct 1628-1629; 100 L Ed 2d 36-37.]

The only factual distinction between this case and *Greenwood* is that here the police, and not a trash collector acting for the police, removed the garbage from the curbside. We see no meaningful significance in this distinction, however, since as noted by the *Greenwood* Court trash placed on the curb is "public" and thus available for police or third-party inspection. *Greenwood* controls here. Accordingly, the trial court's order is reversed and the case remanded for reinstatement of the charges against defendant.

Reversed and remanded.