*In re* FORFEITURE OF $10,780

Docket No. 106474. Submitted October 2, 1989, at Detroit. Decided December 28, 1989.

The Wayne County Prosecutor brought an action in the Wayne Circuit Court seeking an order for the forfeiture of $10,780 in United States currency, one 1978 Lincoln automobile, miscellaneous stocks, and miscellaneous property allegedly linked to drug trafficking. Claimant, Robert Metz, contested the prosecutor's action. The trial court, Michael J. Talbot, J., entered a forfeiture order. Claimant appealed alleging that the order was based on illegally seized evidence and was supported by insufficient evidence. He also alleged that the trial court abused its discretion in assessing costs and attorney fees.

The Court of Appeals *held:*

1. The search and seizure without a warrant of garbage bags left at the curb outside of claimant's private residence did not violate the Fourth Amendment.

2. The prosecution produced sufficient evidence to support the order of forfeiture. The forfeiture is affirmed.

3. While there is statutory authority for the assessment of costs in this action, there is no statute authorizing attorney fees in this action. Nor is there authority for the trial judge to award witness fees in excess of those provided in MCL 600.2552(1); MSA 27A.2552(1) in the amount of $15 per day. The award of costs and attorney fees is reversed and remanded for costs to be assessed in a manner consistent with this opinion.

Affirmed in part and reversed in part.

1. SEARCHES AND SEIZURES — TRASH BAGS — SEARCH WARRANTS — FOURTH AMENDMENT.

The Fourth Amendment does not prohibit the search and seizure

REFERENCES

Am Jur 2d, Costs §§ 29, 53, 72; Forfeitures and Penalties §§ 40, 43; Searches and Seizures §§ 16, 21, 54.

Searches and seizures: reasonable expectation of privacy in contents of garbage or trash receptacle. 28 ALR4th 1219.

Lawfulness of seizure of property used in violation of law as prerequisite to forfeiture action or proceeding. 8 ALR3d 473.

without a warrant of garbage bags left at the curb outside of a private residence.

2. FORFEITURES AND PENALTIES — BURDEN OF PROOF.

A party asserting a claim of forfeiture under the Michigan forfeiture statute has the burden of proving the case by a preponderance of the evidence (MCL 333.7521 *et seq.*; MSA 14.15[7521] *et seq.*).

3. FORFEITURES AND PENALTIES — PROBABLE CAUSE.

A court, under the Michigan forfeiture statute, need only find probable cause to believe that the property sought to be forfeited is traceable to narcotics sales; a finding of probable cause requires facts which would induce a fair-minded person of average intelligence to believe the statute was violated (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

4. COSTS — ATTORNEY FEES.

Attorney fees are not recoverable as an element of costs unless they are specifically authorized by statute, court rule or a recognized exception.

5. FORFEITURES AND PENALTIES — COSTS — ATTORNEY FEES.

There is statutory authority for the assessment of costs and expenses of a forfeiture proceeding against the obligor where property is ordered forfeited by the court; there is no statutory authority for the assessment of attorney fees in a forfeiture action (MCL 333.7523[1][c]; MSA 14.15[7523][1][c]).

6. TRIAL — COSTS — WITNESS FEES.

No more than $15 for each day shall be taxable as costs as a witness fee for each witness (MCL 600.2552[1]; MSA 27A.2552[1]).

*John D. O'Hair,* Prosecuting Attorney, *Andrea L. Solak,* Chief, Special Operations, and *A. George Best, II,* Assistant Prosecuting Attorney, for appellee.

*Nicholas Smith, P.C.* (by *Nicholas Smith*), for appellant.

Before: SHEPHERD, P.J., and DOCTOROFF and T. GILLESPIE,\* JJ.

T. GILLESPIE, J. A Wayne Circuit Court judge, on January 22, 1988, entered a forfeiture order in favor of the state under MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.*, which provides for forfeiture of property when there is probable cause to believe that the property is being used or intended for use in drug trafficking.

It is the position of the claimant, Robert Metz, in this appeal as of right, that the forfeiture order was based on illegally seized evidence and was supported by insufficient evidence. He also claims the trial court abused its discretion in assessing costs and attorney fees of $3,108. We affirm in part and reverse in part.

The claim of illegal seizure of evidence arises from the fact that in April, May and June, 1987, officers of the Livonia Police Department, on four occasions, picked up Metz's rubbish, which had been placed at the curb for removal, and searched the rubbish. In doing so, the officers found a number of items normally used in cocaine trafficking and use. Based on these discoveries, the officers obtained a warrant to search Metz's Livonia home. Upon searching the home, the officers found and seized quantities of marijuana and cocaine. In addition to these quantities of marijuana and cocaine seized, the officers seized paraphernalia used in the cutting, grinding and use of cocaine and marijuana. The officers also confiscated a personal uncashed check for $25,000, E. F. Hutton municipal and mutual fund account statements, $80 in currency and a 1978 Lincoln automobile registered

---

\* Former circuit judge, sitting on the Court of Appeals by assignment.

to Metz in which there was found residue of cocaine and a small quantity of marijuana.

Based on the findings in the search of the home, the officers obtained a warrant to search Metz's safe-deposit box. There, they seized $10,700 in currency and a ledger showing dates in one column and initials and listings of sums of money in another column.

At the forfeiture hearing on December 27, 1987, the prosecutor introduced Metz's federal income tax returns as evidence. These returns reflected Metz's employment to be that of a self-employed investment counselor. His gross income for the preceding ten years was listed as follows: Zero in 1977; $18,000 in 1978; $6,100 in 1979; $7,500 in 1980; $39,000 in 1981; $11,053 in 1982; $6,500 in 1983; $24,000 in 1984; $7,600 in 1985; $9,000 in 1987. The prosecutor was able to show that during this period Metz had deposited approximately $231,000 in mutual fund accounts and purchased a $100,000 home and an $8,000 automobile with cash. Metz testified that he "didn't know" where this money came from. As to the ledger in his safe-deposit box, Metz's explanation was that it was either his Christmas card list or a list of persons to whom he had loaned money at the race track.

At the close of the prosecutor's proofs, Metz moved for a directed verdict on the basis that there had not been sufficient evidence proving the seized property was linked to drug trafficking. The motion was denied and the seized property was ordered forfeited. This appeal followed.

Metz first argues that, based on *People v Whotte*, 113 Mich App 12; 317 NW2d 266 (1982), lv den 414 Mich 950 (1982), the police officers' search of his trash was illegal because it violated his Fourth Amendment rights under the United States Constitution. This Court had occasion to

revisit this question of law in *People v Pinnix,* 174 Mich App 445; 436 NW2d 692 (1989), lv den 433 Mich 893 (1989). The facts in *Pinnix* are very similar to those in the instant case. *Pinnix* acknowledges the decision in *People v Whotte, supra,* but points out that the United States Supreme Court's decision in *California v Greenwood,* 486 US 35; 108 S Ct 1625; 100 L Ed 2d 30 (1988), decided after *Whotte,* sets to rest the question of the legality of the search and seizure of garbage bags left at the curb outside a single-family home. 174 Mich App 449. In *Greenwood,* the Court concluded that the search and seizure without a warrant of garbage bags left at the curb outside of a private residence does not violate the Fourth Amendment because society is not prepared to recognize the resident's expectation of privacy in the trash bags as objectively reasonable. 108 S Ct 1628-1629; 100 L Ed 2d 36-37. The panel in *Pinnix* adopted this rationale. Accordingly, *Pinnix* resolves the first issue raised by Metz against him and we agree with the decision in *Pinnix.*

Metz next argues that the prosecution failed to produce sufficient evidence to support an order of forfeiture.

A party asserting a claim of forfeiture under the Michigan statute has the burden of proving the case by a preponderance of the evidence. *In re Forfeiture of United States Currency,* 166 Mich App 81, 87; 420 NW2d 131 (1988).

Under the Michigan forfeiture statute, MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f), the court need only find probable cause to believe that the property sought to be forfeited is traceable to narcotics sales. A finding of probable cause requires facts which would induce a fair-minded person of average intelligence to believe the statute was violated. *People v Oliver,* 417 Mich 366, 374; 338 NW2d 167

(1983); *In re Forfeiture of United States Currency*, 164 Mich App 171, 178; 416 NW2d 700 (1987), lv den 430 Mich 884 (1988).

We cannot conclude that the trial judge's findings of fact were clearly erroneous. There was evidence that Metz was trafficking in cocaine. His cash expenditures were grossly disproportionate to his gross income. Metz attempted to explain this difference, but could not. His explanation of monies listed on the ledger found in his safe-deposit box was that the ledger contained his Christmas card list or a list of money loaned to friends at the race track. Metz's explanation was not found to be credible by the trial judge. Questions of credibility are left to the trier of fact. *People v Daniels*, 172 Mich App 374, 378; 431 NW2d 846 (1988).

Finally, Metz challenges the assessment of attorney fees and costs of $3,108.

The prosecutor hinges his demand for costs and attorney fees on MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c), which provides, in part: "[I]n case the property is ordered forfeited by the court the obligor shall pay all costs and expenses of the forfeiture proceedings." However, the relevant provision, while providing for costs, does not specifically provide for attorney fees. Michigan adheres to the rule that attorney fees are not recoverable as an element of costs unless they are specifically authorized by statute, court rule or a recognized exception. *State Farm Mutual Automobile Ins Co v Allen*, 50 Mich App 71, 74; 212 NW2d 821 (1973).

We do not find a statute authorizing attorney fees in this action.

Nor do we find any authority for the trial judge to award witness fees in excess of those provided in MCL 600.2552(1); MSA 27A.2552(1) in the amount of $15 per day.

We therefore affirm the forfeiture, but reverse and remand for costs to be assessed in a manner consistent with this opinion. Jurisdiction is not retained.

Affirmed in part and reversed in part.