# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

URSULA JAMAL PURRY,

        Defendant-Appellant.

UNPUBLISHED
May 10, 2016

No. 325613
Oakland Circuit Court
LC No. 2014-248919-FH

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right her jury convictions of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv), possession of morphine, MCL 333.7403(2)(b)(ii), and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

Defendant's charges arose after the execution of a search warrant at her home, which she challenged in the trial court and challenges here on appeal. The search warrant was sought by a detective with the Oakland County Sheriff's Office who was in charge of an on-going narcotics investigation at 820 Clara Street in Commerce Township. In the search warrant affidavit, the detective stated that he had received information from another detective that persons at that address were "using/selling drugs," and defendant was specifically named. The detective affiant then went to the address and conducted a trash pull of two garbage bags that had been placed at the curb in front of the house. Several plastic corner-tie baggies and a piece of mail addressed to that house were found in the trash bags. One of the plastic corner-tie baggies was field tested; it was positive for cocaine. The detective affiant further stated that he conducted a driving record check and found that 820 Clara Street was listed as defendant's address. He also conducted a criminal history check on defendant which revealed prior drug-related convictions. The search warrant was subsequently issued and executed. The evidence seized gave rise to the charges filed against defendant.

Subsequently, defendant moved to quash the search warrant, suppress the evidence seized, and dismiss the case. Defendant argued that the search warrant affidavit failed to establish probable cause to issue the warrant because the only allegation of substance in the affidavit pertained to a single trash pull which indicated, at most, that someone in the house had used or possessed cocaine at some point prior to placing the trash on the curb. Defendant argued

-1-

that this finding was insufficient to show that probable cause existed to justify a search of the house.

The prosecution opposed defendant's motion, arguing that the search warrant affidavit was sufficient to support the issuance of the search warrant. The detective affiant named a specific police detective as the source of his information and police officers are presumptively reliable informants. Further, an independent police investigation verified the information provided because a trash pull was conducted and direct evidence of illegal activity—cocaine— was recovered. Accordingly, the prosecution argued, probable cause supported the issuance of the search warrant and defendant's motion should be dismissed. The trial court agreed and, citing to *People v Keller*, 479 Mich 467, 477; 739 NW2d 505 (2007), held that once the detective affiant "found cocaine in Defendant's trash, he had found direct evidence of criminal activity that is, in itself, sufficient for probable cause."

On appeal, defendant argues that her motion to quash the search warrant, suppress the evidence seized, and dismiss the case should have been granted because the search warrant was not supported by probable cause. We disagree.

"In considering a motion to suppress evidence, this Court reviews a trial court's factual findings to determine if they are clearly erroneous and reviews a trial court's conclusions of law de novo." *People v Snider*, 239 Mich App 393, 406; 608 NW2d 502 (2000). "A factual finding is clearly erroneous if it either lacks substantial evidence to sustain it, or if the reviewing court is left with the definite and firm conviction that the trial court made a mistake." *People v Mazur*, 497 Mich 302, 308; 872 NW2d 201 (2015). However, "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's determination of probable cause should be paid great deference by reviewing courts." *Keller*, 479 Mich at 474 (citations and quotation marks omitted).

Under both the United States Constitution and the Michigan Constitution, a search warrant may not issue unless there is probable cause justifying the search. US Const, Am IV; Const 1963, art 1, § 11. "Probable cause exists when the facts and circumstances would allow a reasonable person to believe that the evidence of a crime or contraband sought is in the stated place." *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009). "When probable cause is averred in an affidavit, the affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs." *Id.*

Defendant argues that the limited evidence seized in the single trash pull was not sufficient to justify the issuance of a warrant to search her house. That is, the recovery of several plastic corner-tie baggies and the fact that one field tested positive for cocaine did not support a finding of probable cause. However, in *People v Hardiman*, 466 Mich 417; 646 NW2d 158 (2002), our Supreme Court held that corner-tie baggies, in which "the drugs are placed in the corner of the baggie, that portion of the baggie is twisted or tied off, the corner is cut or torn away, and the remaining portion of the baggie is thrown away," *id*. at 420 n 1, may be considered as evidence of intent to distribute. *Id*. at 422. And in *Keller*, our Supreme Court held that the recovery in a single trash pull of a "suspected marijuana roach, and a green leafy substance" which field tested positive for marijuana was direct evidence of illegal activity and, alone, constituted probable cause justifying the search. *Keller*, 479 Mich at 470-471, 477. Further, as

in *Keller*, here, the mail found in the trash had the same address as the house where the suspected illegal activity was occurring—820 Clara Street. Thus, the magistrate had a substantial basis for concluding that probable cause existed, i.e., that there was a fair probability contraband or evidence of a crime would be found at 820 Clara Street in Commerce Township. See *id*. at 475 (citation omitted); see also *Waclawski*, 286 Mich App at 698. Accordingly, we affirm the trial court's denial of defendant's motion to quash the search warrant.

Next, defendant argues that the law should be changed to provide constitutional privacy protections to a person's trash. After review of this unpreserved issue for plain error, we disagree. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

In *California v Greenwood*, 486 US 35, 40; 108 S Ct 1625; 100 L Ed 2d 30 (1988), the United States Supreme Court held that trash "left on or at the side of a public street" is not protected by the Fourth Amendment. In *People v Pinnix*, 174 Mich App 445; 436 NW2d 692 (1989), this Court relied on the *Greenwood* holding and rejected a claim that the search of garbage bags without a warrant violated the Fourth Amendment. *Id*. at 448-449. Further, our Supreme Court has held "that the Michigan Constitution is to be construed to provide the same protection as that secured by the Fourth Amendment, absent compelling reason to impose a different interpretation." *People v Slaughter*, 489 Mich 302, 311; 803 NW2d 171 (2011) (citations and quotation marks omitted). The following factors are considered in determining whether a compelling reason exists:

> 1) [T]he textual language of the state constitution, 2) significant textual differences between parallel provisions of the two constitutions, 3) state constitutional and common-law history, 4) state law preexisting adoption of the relevant constitutional provision, 5) structural differences between the state and federal constitutions, and 6) matters of peculiar state or local interest. [*People v Goldston*, 470 Mich 523, 534; 682 NW2d 479 (2004) (citation omitted).]

Defendant here does not provide any compelling reasons for variance that were not considered by the United States Supreme Court in *Greenwood*, nor does she argue any of the aforementioned "compelling reason" factors. Defendant argues:

> A citizen does not relinquish her reasonable expectation of privacy merely because she puts material in a trash bag and sets it by the curb. The bag contains [intimate] details of that person's life. The person does not intend for others to rifle the garbage and potentially learn about her personal, intimate affairs. Rather, she intends that the material be destroyed.

The United States Supreme Court, in *Greenwood*, 468 US at 39, stated:

> [Defendants] assert, however, that they had, and exhibited, an expectation of privacy with respect to the trash that was searched by the police: The trash, which was placed on the street for collection at a fixed time, was contained in opaque plastic bags, which the garbage collector was expected to pick up, mingle with the trash of others, and deposit at the garbage dump.

The United States Supreme Court continued:

> It is common knowledge that plastic garbage bags left on or at the side of a public street are readily accessible to animals, children, scavengers, snoops, and other members of the public. Moreover, respondents placed their refuse at the curb for the express purpose of conveying it to a third party, the trash collector, who might himself have sorted through respondents' trash or permitted others, such as the police, to do so. [*Id.* at 40 (footnotes and citations omitted).]

Defendant has not advanced a compelling reason to increase Michigan's constitutional protections beyond the federal standard, considering that the United States Supreme Court has already evaluated and rejected the argument that a person has an expectation of privacy in the contents of his or her trash.

Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause