SIRREY v DANOU

Docket No. 171813. Submitted May 17, 1995, at Detroit. Decided July
    14, 1995, at 9:15 A.M. Leave to appeal sought.

John Sirrey and Greenland Distributors, Inc., brought an action
    in the Oakland Circuit Court against Samir Danou. The court,
    Fred M. Mester, J., granted summary disposition for the defen-
    dant on the basis of the plaintiffs' failure to comply with an
    order to pay costs and attorney fees incurred by the defendant
    in a prior action in which the plaintiffs raised in another court
    some of the same claims against the defendant, whom they
    voluntarily dismissed from the prior action before the jury
    rendered its verdict. The plaintiffs appealed.

    The Court of Appeals *held:*

    Costs of an action previously dismissed in any court, as may
    be awarded under MCR 2.504(D), include attorney fees incurred
    in the prior action, except for fees for work product that is
    usable in the subsequent action.

    Affirmed.

*Peter J. Parks,* for the plaintiffs.

*Becker & Gibson, P.L.L.C.* (by *Imants M. Minka*),
for the defendant.

Before: McDONALD, P.J., and R. B. BURNS* and
C. W. SIMON, JR.,** JJ.

PER CURIAM. Plaintiffs appeal as of right from a
January 4, 1994, order dismissing their action
against defendant for failure to pay court-ordered
costs and attorney fees imposed pursuant to MCR
2.504(D). We affirm.

Plaintiffs filed the instant action against defen-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

dant, alleging six counts. Defendant moved for summary disposition, claiming plaintiffs had previously filed a suit against defendant and another party involving four of the same claims. After four days of a jury trial, defendant was voluntarily dismissed from the prior action before the jury delivered its verdict. The trial court found the prior dismissal was a voluntary dismissal without prejudice and therefore denied defendant's motion for summary disposition. However, pursuant to MCR 2.504(D), the court ordered defendant be awarded the costs incurred in the defense of the prior suit and stayed action on plaintiffs' complaint pending a determination of the amount of the costs to be paid. Following an evidentiary hearing regarding the reasonableness of the amount of fees requested by defendant, the court entered an order compelling plaintiffs to pay $17,932 to defendant within 120 days. The amount was subsequently reduced to $13,102. Upon plaintiffs' failure to comply with the order, the trial court entered the order dismissing, with prejudice, all claims raised by plaintiffs. Plaintiffs now appeal from this order.

Plaintiffs raise two issues on appeal: that costs recoverable under MCR 2.504(D)[1] do not include attorney fees and that the court was without authority to assess costs incurred in an action before another court. We reject both arguments. In *McKelvie v City of Mt Clemens,* 193 Mich App 81;

---

[1] MCR 2.504(D) reads:

Costs of Previously Dismissed Action. If a plaintiff who has once dismissed an action in any court commences an action based on or including the same claim against the same defendant, the court may order the payment of such costs of the action previously dismissed as it deems proper and may stay proceedings until the plaintiff has complied with the order.

483 NW2d 442 (1992), a panel of this Court addressed the question of a circuit court's authority to impose attorney fees and costs in connection with a voluntary dismissal and concluded imposition of attorney fees was permitted. Although the *McKelvie* Court reviewed an award of fees imposed at the time of the dismissal, MCR 2.504(A), we see no reason to draw distinctions based on whether the costs are sought at the time of dismissal, or as occurred here, at the time of the reinstitution of the action. MCR 2.504(D). The court did not err in requiring plaintiffs to pay defendant's costs and attorney fees incurred in his defense of the prior action before reinstituting the suit.

We also find no merit to plaintiffs' claim the court was without jurisdiction to award costs incurred before a different court. Plaintiffs rely on *Lopez-Flores v Hamburg Twp,* 185 Mich App 49; 460 NW2d 268 (1990), to support their claim. We find *Lopez* inapposite. The Court in *Lopez* specifically found that under the facts of that case it was "aware of no statute or court rule which authorize[d] one court to award costs and attorney fees for services performed in another court." *Id.* at 53. Here, MCR 2.504(D) provides specific authorization. The court rule refers to prior actions dismissed in *any* court.

Finally, plaintiffs intimate, without properly preserving, a question regarding the type of legal services recoverable from the first action. We note, as did the Court in *McKelvie,* a plaintiff should not be required to pay a defendant's costs and attorney fees to the extent that the work product from the dismissed action is usable in the subsequent action.

Affirmed.