*In re* WATERS DRAIN DRAINAGE DISTRICT

Docket No. 298873. Submitted November 9, 2011, at Grand Rapids. Decided April 17, 2012, at 9:00 a.m. Leave to appeal denied, 493 Mich 871.

The Kent County Drain Commissioner apportioned the cost of improvements to the Waters Drain to property owners located in the Waters Drain Special Assessment District. Arath IV, Inc., and Bomarko, Inc., owners of land within the special assessment district, appealed the apportionment in the Kent County Probate Court. The court, David M. Murkowski, J., appointed a three-member board of review that subsequently rejected Arath and Bomarko's challenge and upheld the commissioner's apportionment. The court then ordered Arath and Bomarko to pay the commissioner's attorney fees and to compensate each board of review member $500, plus travel expenses. Arath and Bomarko appealed in the Kent Circuit Court, challenging the probate court's assessment of attorney fees and the amount of compensation awarded to the members of the board of review. The circuit court, Mark A. Trusock, J., affirmed the order of the probate court. The Court of Appeals granted Arath and Bomarko leave to appeal.

The Court of Appeals *held*:

1. MCL 280.158 provides that when the apportionment of the commissioner is sustained by a board of review, the appellant shall pay "the whole costs and expenses" of the appeal. The Drain Code, MCL 280.1 *et seq.*, does not define the term "whole," but a dictionary defines it as comprising the full quantity or amount and entire or total. The Legislature, by using the expansive term "whole," intended that a landowner appealing an apportionment must pay the entire or total amount of costs and expenses of the appeal if that apportionment is sustained. The legal expenses of the commissioner in defending the appeal constituted a portion of the entire or total costs or expenses of the appeal. The phrase "whole costs and expenses" in MCL 280.158 thus encompasses attorney fees.

2. Compensation for board of review members is included in the broad "whole costs and expenses" language of MCL 280.158. The

probate court did not abuse its discretion under the circumstances of this case by compensating the board of review members in the amount of $500 each.

Affirmed.

DRAINS — APPORTIONMENTS — APPEALS — COSTS — EXPENSES — ATTORNEY FEES — BOARD OF REVIEW MEMBERS' COMPENSATION.

When the apportionment of the costs of improvements by a drain commissioner under the Drain Code is sustained by a board of review, the landowner appealing the apportionment must pay the entire or total amount of the costs and expenses of the appeal, including the commissioner's attorney fees and compensation for the members of the board of review (MCL 280.158).

*Rhoades McKee PC* (by *Gregory G. Timmer* and *Patrick R. Drueke*) for Arath IV, Inc., and Bomarko, Inc.

*The Hubbard Law Firm, PC* (by *Michael G. Woodworth* and *Michelle M. Brya*), for the Kent County Drain Commissioner.

Before: WILDER, P.J., and HOEKSTRA and BORRELLO, JJ.

PER CURIAM. Plaintiffs, Arath IV, Inc., and Bomarko, Inc., appeal by leave granted[1] a circuit court order affirming a probate court order awarding defendant, the Kent County Drain Commissioner, attorney fees under MCL 280.158 and compensating board of review members. For the reasons set forth in this opinion, we affirm.

### I. FACTS AND PROCEDURAL HISTORY

Defendant undertook to make improvements to the Waters Drain and apportioned the cost of such improvements to property owners located in the Waters Drain Special Assessment District in accordance with the

---

[1] *In re Waters Drain Drainage Dist,* unpublished order of the Court of Appeals, entered February 28, 2011 (Docket No. 298873).

Drain Code, MCL 280.1 *et seq*. Plaintiffs owned land within the special assessment district. As permitted by MCL 280.155, plaintiffs appealed the apportionment in the Kent County Probate Court. The probate court appointed a three-member board of review. The board of review rejected plaintiffs' challenge and upheld defendant's apportionment. Thereafter, the probate court ordered plaintiffs to pay $6,659.97 for defendant's attorney fees and to compensate each board member in the amount of $500, plus travel expenses, for a total of $1,552.82. Plaintiffs appealed in the circuit court, which affirmed the probate court's award of attorney fees and compensation for the board members. Plaintiffs appeal by leave granted.

## II. ANALYSIS

### A. ATTORNEY FEES

Plaintiffs argue that the probate court erred by awarding defendant attorney fees under MCL 280.158.

"A trial court's grant of attorney fees is reviewed for an abuse of discretion." *McIntosh v McIntosh*, 282 Mich App 471, 483; 768 NW2d 325 (2009). The abuse of discretion standard recognizes " 'that there will be circumstances in which . . . there will be more than one reasonable and principled outcome.' " *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), quoting *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Under this standard, an abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

This case requires us to construe MCL 280.158. "Issues of statutory interpretation are questions of law

that are reviewed de novo." *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011). "When interpreting statutory language, courts must ascertain the legislative intent that may reasonably be inferred from the words in a statute." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52-53; 760 NW2d 811 (2008). Unless defined in the statute, each word should be given its plain and ordinary meaning. *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). In the absence of a statutory definition of a term, a court may consult a lay dictionary to determine the meaning of a common word that lacks a unique legal meaning. *Id.* This Court should presume that each statutory word or phrase has meaning, thus avoiding rendering any part of a statute nugatory. *Allen*, 281 Mich App at 53.

A court may award costs and attorney fees only when specifically authorized by statute, court rule, or a recognized exception. MCL 600.2405(6); *Phinney v Perlmutter*, 222 Mich App 513, 560; 564 NW2d 532 (1997). MCL 280.158 provides:

> In case the apportionment of the commissioner shall be sustained by such board of review the appellant shall pay the whole costs and expenses of such appeal. Such costs and expenses shall be ascertained and determined by the judge of probate, and if not paid the appellant shall be liable on his bond for the full amount of such costs in an action at law, to be brought by the commissioner on the bond before any court having competent jurisdiction.

Plaintiffs argue that the "whole costs and expenses" language of MCL 280.158 does not encompass attorney fees. While the statute does not explicitly refer to attorney fees, it does provide that an "appellant shall pay the *whole* costs and expenses of such appeal." MCL 280.158 (emphasis added). The term "whole" is a com-

mon word that is not defined in the Drain Code. Therefore, it is appropriate to consult a dictionary for a definition of the term. *Brackett,* 482 Mich at 276. *Random House Webster's College Dictionary* (2d ed, 1997) defines the word "whole" as "comprising the full quantity or amount; entire or total[.]" Thus, use of the expansive term "whole" in MCL 280.158 evinces the Legislature's intent that a landowner appealing an apportionment must pay the entire or total amount of costs and expenses of the appeal in the event that the apportionment is sustained. Clearly, defendant would incur legal expenses in defending such an appeal, and these legal expenses would constitute a portion of the entire or total costs or expenses of an appeal. In light of the Legislature's use of the broad term "whole" to modify the phrase "costs and expenses," we conclude that the phrase "whole costs and expenses" of MCL 280.158 encompasses attorney fees.

In support of their argument, plaintiffs cite *In re Forfeiture of $10,780,* 181 Mich App 761; 450 NW2d 93 (1989). In that case, this Court construed a provision of the controlled substances act, MCL 333.7101 *et seq.,* that stated, in relevant part: " '[If] the property is ordered forfeited by the court the obligor shall pay all costs and expenses of the forfeiture proceedings.' " *Id.* at 766, quoting MCL 333.7523(1)(c). This Court held that the statute did not allow the prosecutor to recover attorney fees and explained: "[T]he relevant provision, while providing for costs, does not specifically provide for attorney fees. Michigan adheres to the rule that attorney fees are not recoverable as an element of costs unless they are specifically authorized by statute, court rule or a recognized exception." *Id.*

We reject plaintiffs' reliance on *In re Forfeiture of $10,780* for two reasons. First, it did not involve the

same statute as the present case and the language is not the same. This case concerns a provision of the Drain Code that contains broad language giving the probate court discretion to determine the "whole costs and expenses" of the appellate proceeding. In contrast, *In re Forfeiture of $10,780* involved a provision of the controlled substances act that did not explicitly refer to the relevant court's discretion to decipher the costs and expenses of the forfeiture proceedings. Hence, that case does not govern our interpretation of MCL 280.158. Furthermore, *In re Forfeiture of $10,780* is of minimal persuasive value considering that this Court and our Supreme Court have previously held that an award of attorney fees was proper even though such fees were not explicitly referred to in the specific court rule or constitutional provision. See, e.g., *Macomb Co Taxpayers Ass'n v L'Anse Creuse Pub Sch*, 455 Mich 1, 2 & n 2, 7-10; 564 NW2d 457 (1997) (holding that attorney fees were appropriate as costs under the Headlee Amendment, Const 1963, art 9, § 32, given that the amendment provided that the taxpayer "shall receive . . . his costs incurred" following a successful enforcement action); *Sirrey v Danou*, 212 Mich App 159, 160-161 & n 1; 537 NW2d 231 (1995) (holding that attorney fees were properly awarded under MCR 2.504(D) given that the rule provided the court discretion to order the payment of "such costs of the action . . . as it deems proper"); *McKelvie v Mt Clemens*, 193 Mich App 81, 84; 483 NW2d 442 (1992) (holding that attorney fees were proper under MCR 2.504(A)(2) given that the rule provided the court discretion to dismiss an action "on terms and conditions the court deems proper").

Second, pursuant to MCR 7.215(J)(1), *In re Forfeiture of $10,780* is not binding precedent on this Court because it was issued before November 1, 1990. See

*Nalbandian v Progressive Mich Ins Co*, 267 Mich App 7, 11 n 3; 703 NW2d 474 (2005).

### B. COMPENSATION OF BOARD OF REVIEW MEMBERS

Plaintiffs next argue that the probate court erred by compensating each board of review member in the amount of $500 using an hourly rate of $125. According to plaintiffs, the probate court should have compensated the board members at the standard and customary rate of $50 a day.

Under MCL 280.158, the probate court has the authority and discretion to ascertain and determine the costs and expenses of an appeal ("Such costs and expenses shall be ascertained and determined by the judge of probate . . . ."). Resolution of this issue involves determining whether the probate court made an error of law in compensating the board of review members in the amount of $500 each under MCL 280.158. A court by definition abuses its discretion when it makes an error of law. *People v Giovannini*, 271 Mich App 409, 417; 722 NW2d 237 (2006).

Defendant submitted a bill of costs to the court that included compensation of $50 a day for each board of review member, plus mileage. However, a member of the board of review subsequently wrote a letter advising the probate court that the board members had conferred and determined that the appropriate hourly rate for their services was $125. Because each board member spent a total of four hours preparing for and conducting the board of review meeting, the member requested that each board member be compensated in the amount of $500.

In making its determination regarding the amount of compensation for the board members, the probate court held a hearing and heard the arguments of counsel as

well as a statement from that board member wherein he explained to the court how the board members had arrived at their decision that they should each be compensated in the amount of $500. At the conclusion of the hearing, the probate court stated:

> So in regards to board members, I find that the $50 I'm not going to assess. That's a—that's a rate that would apply perhaps when the commissioner didn't prevail. But there are actual fees determined in the plan developed by the board of review with the four hours discussed. So for each board member I'm going to assess payment to them in the amount of $500.

Compensation for board of review members is included in the broad language "whole costs and expenses" in MCL 280.158. It is one of the costs and expenses of plaintiffs' appeal, and, as already observed, the probate court had the discretion to ascertain and determine those costs and expenses. The board members consisted of a practicing attorney, a certified public accountant (CPA), and a realtor. The hourly rate of $125 was much less than the practicing attorney's claimed hourly rate of $440 for legal work, but higher than the CPA's hourly rate of $85. The realtor was compensated on a commission basis, so there was no way to determine his hourly compensation rate. The attorney board member explained that the members established the $125 hourly rate because it was between his $440 hourly rate and the CPA's $85 hourly rate. Plaintiffs do not dispute that the board members spent about four hours preparing for and hearing the case, and they do not argue that the $125 hourly rate was unreasonable. Under the circumstances, we conclude that the probate court did not abuse its discretion by compensating the board members in the amount of $500 each. Moreover, the probate court's offhand remark that the $50 compensation rate would perhaps

apply if defendant did not prevail does not render the probate court's compensation award an abuse of discretion.

In sum, for the reasons we have articulated, the circuit court properly affirmed both the probate court's award of attorney fees under MCL 280.158 and the probate court's compensation of the board of review members.

Affirmed. A public question being involved, no costs are awarded. *Bay City v Bay Co Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).

WILDER, P.J., and HOEKSTRA and BORRELLO, JJ., concurred.