# STATE OF MICHIGAN

# COURT OF APPEALS

SHAFIQ KASHAM,

        Plaintiff/Intervenor-Defendant-
        Appellee,

v

AHMAD M. KASHAM,

        Defendant/Intervenor-Defendant-
        Appellant,

and

ROBERT HOJNAKCI and ROBKEL
ENTERPRISES LLC

        Intervenor-Plaintiffs-Appellees.

UNPUBLISHED
April 13, 2017

No. 331008
Washtenaw Circuit Court
LC No. 13-001242-CH

Before: BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Defendant/intervenor defendant (defendant) appeals by right a December 10, 2015, trial court order denying his motion to set aside a default judgment. For the reasons set forth in this opinion, we reverse and remand.

## A. BACKGROUND

On December 28, 2011, defendant leased a laundromat to intervening plaintiffs and sold them a number of items relating to the running of the laundromat, including the washing machines, dryers, and laundry carts. As part of the lease, defendant warranted that he was the titleholder of the laundromat in fee simple and granted intervenor-plaintiffs rights of first refusal. After defendant failed to perform certain obligations under the lease, intervenor-plaintiffs initiated a commitment for title insurance for the laundromat in anticipation of purchasing it. However, the commitment revealed that defendant may not own the laundromat in fee simple, but that several parties may have an interest in the property, including plaintiff/intervening defendant Shafiq Kasham. In particular, defendant's deed from Shafiq, who was one of many

-1-

previous owners of the property, indicated that Shafiq was "a married man," yet only Shafiq's signature and not his wife's was on the deed.

Despite the cloud on the title, intervenor-plaintiffs continued to operate the laundromat under the terms of their lease with defendant. However, the problems persisted. At one point in November 2012, Shafiq approached intervenor-plaintiffs and offered to purchase the property from defendant and have intervenor-plaintiffs continue to lease the laundromat from him. Those negotiations fell through however when it appeared that Shafiq did not intend to honor the terms of the existing lease. Eventually, on December 19, 2013, Shafiq commenced this action against defendant to quiet title to the laundromat. Shafiq alleged that defendant forged the deed granting himself rights to the property.

Thereafter, on January 30, 2014, intervenor-plaintiffs filed a motion to intervene, arguing that they had an interest in the property due to their rights of first refusal. After the trial court granted intervenor-plaintiffs' motion, intervenor-plaintiffs filed a complaint alleging that defendant had fraudulently induced intervenor-plaintiffs into a contract, that defendant had made fraudulent misrepresentations, and that defendant and Shafiq had engaged in a civil conspiracy to defraud intervenor-plaintiffs.

On November 19, 2014, the court entered a default against defendant. After a series of events involving Shafiq and intervenor-plaintiffs, Shafiq and intervenor-plaintiffs reached a tentative settlement in which they agreed that Shafiq was the rightful title owner of the laundromat. As a result, on October 26, 2015, intervenor-plaintiffs filed a motion for entry of default judgment against defendant. The motion argued that intervenor-plaintiffs were entitled to $39,150.50 in economic damages, $30,000 in attorney fees, $20,000 in exemplary damages, and $500 in legal costs. After a hearing on intervenor-plaintiffs' motion during which intervenor-plaintiffs requested an additional $3,035 in economic damages, the trial court entered an order awarding intervenor-plaintiffs damages in the amount of $92,685.50, which included attorney fees and costs.

On November 23, 2015, defendant filed a motion to set aside the default judgment, arguing that he had good cause and a meritorious defense. At the hearing on defendant's motion, the trial court found that defendant failed to prove good cause and denied defendant's motion. The court entered a written order on December 10, 2015.[1]

B. ANALYSIS

In this case, the trial court entered the default judgment finding defendant liable for fraud on December 10, 2015 pursuant to MCR 2.603(B)(3). As part of the default judgment, the trial court awarded attorney fees, costs, and exemplary damages. Defendant then moved to set aside the default judgment. MCR 2.603(D) permits a court to set aside a default judgment for several

---

[1] Following the hearing, the trial court entered an order quieting title of the laundromat in favor of Shafiq. Defendant does not contest this order by the trial court. As such, Shafiq has not filed a brief on appeal.

reasons including when "good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1). A judgment may also be set aside in accord with MCR 2.612. MCR 2.603(D)(3). In relevant part, MCR 2.612 provides grounds for relief from judgment for several reasons including "[a]ny other reason justifying relief from the operation of the judgment."

On appeal, defendant argues that the trial court erred when it refused to set aside the default judgment where the court erred in including attorney fees, costs, and exemplary damages as part of the default judgment.

Intervenor-plaintiffs argue that defendant did not preserve these issues for review when he moved to set aside the default judgment. Intervenor-plaintiffs argue that the following language in defendant's motion was not sufficient to preserve these issues for appellate review:

> Intervenor-Plaintiffs claim that their economic damages were $39,150.50, that attorney fees were $30,000.00, that costs were $500.00, and that exemplary damages should be awarded for $20,000.00. However, fraud was never involved in Defendant's transaction with Intervenor-Plaintiffs. Thus, neither attorney fees nor exemplary damages should be awarded.

Contrary to intervenor-plaintiffs' argument, this language was broad and raised the issues of attorney fees and exemplary damages sufficient to preserve the issues for our review. See *Reed v Reed*, 265 Mich App 131, 150; 693 NW2d 825 (2005). Moreover, to the extent that the issues were not preserved, including the issue of costs, "[t]his Court will review issues not raised below if a miscarriage of justice will result from a failure to pass on them, or if the question is one of law and all the facts necessary for its resolution have been presented, or where necessary for a proper determination of the case." *Brown v Loveman*, 260 Mich App 576, 599; 680 NW2d 432 (2004). Here, because attorney fees, exemplary damages, and costs amounted to more than the economic damages suffered by intervenor-plaintiffs, declining to review them would result in a miscarriage of justice and whether attorney fees and costs were proper involve questions of law and all facts necessary for their resolution have been presented. *Id.* Accordingly, we will review each of the issues defendant raises on appeal.

## I. ATTORNEY FEES

Defendant argues that the trial court's award of $30,000 in attorney fees was unreasonable.

We "review for an abuse of discretion a trial court's award of attorney fees and costs." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472, 477 (2008). "A court by definition abuses its discretion when it makes an error of law." *In re Waters Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

Michigan follows what is sometimes called the "American rule" for attorney fees, which provides that "attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Nemeth v Abonmarche Dev, Inc*, 457 Mich 16, 37-38; 576 NW2d 641 (1998). Once a party has established that it is entitled to attorney fees, "the burden of proving the reasonableness of the requested fees rests with the party requesting

them." *Smith*, 481 Mich at 528-529. The reasonableness of attorney fees depends on "the totality of special circumstances applicable to the case at hand." *Id*. at 529.

In this case, defendant challenges the reasonableness of the fees.[2] In determining whether an attorney fee is reasonable, a trial court should consider all relevant facts and circumstances. *Smith*, 481 Mich at 529-530. To effectuate this inquiry, courts should consider the following six factors:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. [*Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982).]

Courts also consider the eight factors listed in MRPC 1.5(a), which overlap the *Wood* factors to some extent. See *Smith*, 481 Mich at 529-530.

In this case, at the time it entered the default judgment, the trial court did not make any findings to support the reasonableness of the $30,000 in fees that the court awarded and there was no factual basis on which to base the award. In their lower-court motion, intervenor-plaintiffs did not provide any support for their request for $30,000 in attorney fees; they did not specify an hourly rate or provide an accounting of the hours expended on legal work related to the case. At the hearing, intervenor-plaintiffs' only argument in regard to the reasonableness of the attorney fees was that this case lasted for over two years. Although the length of the case may be a relevant factor the trial court may consider, standing alone, the length of a case is an insufficient factual basis to substantiate an award of attorney fees. Thus, because the record is devoid of a factual basis to support the reasonableness of the award, the court erred as a matter of law in awarding the $30,000 in attorney fees at the time it entered the default judgment. As such, there was grounds to set aside that portion of the default judgment pursuant to MCR 2.612(C)(1)(f). Accordingly, we reverse the trial court's December 10, 2015 order denying defendant's motion to set aside the default judgment and remand with instruction to vacate that portion of the default judgment awarding attorney fees.

## II. COSTS

---

[2] While defendant does not raise the issue on appeal, in addition to failing to determine the reasonableness of the fees, the trial court also failed to provide any legal basis on which the award was proper as it did not cite a statute, court rule, or common law exception that authorized the attorney fees. To the extent that the court again awards attorney fees on remand, we note that "attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Nemeth v Abonmarche Dev, Inc*, 457 Mich 16, 37-38; 576 NW2d 641 (1998).

Next, defendant argues that the trial court erred in awarding $500 in court costs in conjunction with entering the default judgment.

We review a trial court's decision to award costs for an abuse of discretion. *Barclay v Crown Building & Development, Inc*, 241 Mich App 639; 617 NW2d 373 (2000). "A court by definition abuses its discretion when it makes an error of law." *In re Waters Drainage Dist*, 296 Mich App at 220.

Pursuant to statutory authority set forth in MCL 600.2401 *et seq*, our Supreme Court promulgated court rules that govern the taxation of costs in civil litigation. Specifically, MCR 2.625(1)(A) provides that "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." MCR 2.625(F) provides a procedure for taxing costs and it provides that "[c]osts may be taxed by the court on signing the judgment. . . ." Alternatively, costs may be taxed by the clerk, which triggers a requirement on the part of the prevailing party to file a bill of costs. MCR 2.625(F)(2).

Defendant argues that the costs were not authorized by statute. However, pursuant to MCR 2.625(1)(A), the trial court had discretion to award costs to intervenor-plaintiffs because they were the prevailing party. Thus, because the rule was promulgated by statute, defendant's argument lacks merit. Defendant also argues that the court did not articulate what it was awarding costs for. However, MCR 2.625(F)(1) provides the court discretion to award costs at the time it signs the judgment. Here, intervenor-plaintiffs moved for costs and the trial court granted the motion in accord with MCR 2.625(F)(1) in awarding the $500 and it did not abuse its discretion in doing so.

## III. EXEMPLARY DAMAGES

Lastly, defendant argues that the trial court erred by awarding intervenor-plaintiffs $20,000 in exemplary damages. We agree.

Generally, an award of damages is considered a finding of fact that is reviewed for clear error. *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 177; 530 NW2d 772 (1995). However, whether exemplary damages are authorized by law involves a legal question that we review de novo. *Cardinal Mooney High Sch v Mich High Sch Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

Exemplary damages are a specific kind of compensatory damages awarded for an injury to feelings because of exceptionally reprehensible, voluntary acts that "inspire feelings of humiliation, outrage, and indignity." *McPeak v McPeak*, 233 Mich App 483, 487-488; 593 NW2d 180 (1999). "[W]here a cause of action is statutorily based, there must be a basis in the statute for awarding exemplary damages, i.e., either an express provision or a legislative history from which one could infer a legislative intent to provide such an unusual remedy." *B & B Inv Group v Gitler*, 229 Mich App 1, 10; 581 NW2d 17 (1998). "However, exemplary damage awards in intentional tort cases have been considered proper if they compensate a plaintiff for the humiliation, sense of outrage, and indignity resulting from injuries maliciously, wilfully, and wantonly inflicted by the defendant." *Id*. at 9-10.

-5-

In this case, the alleged facts did not support a finding that defendant engaged in exceptionally reprehensible, voluntary acts or that defendant acted willfully and wantonly to inflict injury upon intervenor-plaintiffs and therefore they were not authorized by law. *Id*. Here, a finding of fraud supported that defendant represented that he owned fee simple title to the laundromat, when in fact Shafiq owned the property. The record reveals that there were many flaws in the chain-of-title that occurred before defendant obtained an interest in the property. Specifically, there were multiple attempts to transfer the property between members of the Kasham family via improperly executed quit-claim deeds. On several other occasions, as in the transfer involving defendant, the quit-claim deeds were not properly executed because a spouse did not sign the deed. Moreover, after intervenor-plaintiffs first learned of the potential cloud on the title, they continued to operate the laundromat under the terms of their lease with defendant. Intervenor-plaintiffs did not allege facts that showed they suffered "humiliation, sense of outrage, and indignity resulting from injuries maliciously, wilfully, and wantonly inflicted by the defendant." *Gitler*, 229 Mich App at 10. Accordingly, the trial court erred as a matter of law in awarding $20,000 in exemplary damages in conjunction with entering the default judgment. *Id*.

In sum, the trial court erred in awarding $30,000 in attorney fees and $20,000 in exemplary damages in conjunction with the default judgment on the fraud claim. Therefore, we reverse the trial court's December 10, 2015 order denying defendant's motion to set aside the default judgment and remand with instruction to vacate that portion of the default judgment awarding attorney fees and exemplary damages.

Reversed and remanded for further proceedings consistent with this opinion. No costs awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle