*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM W. SIMONDS,

Plaintiff-Appellee,

v

JULIE A. SIMONDS,

Defendant-Appellant.

UNPUBLISHED
June 6, 2019

No. 345286
Calhoun Circuit Court
LC No. 2017-002855-DM

Before: SHAPIRO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

In this divorce action, defendant appeals by right an amended judgment of divorce entered on August 16, 2018, in which the trial court awarded defendant $2,000 per month in spousal support for 115 months commencing in June 2022 and ending in December 2031. For the reasons set forth in this opinion, we reverse the judgment in part and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff, husband, and defendant, wife, were married in 1990 and had two children during the marriage. At the time plaintiff filed for divorce in September 2017, the parties' oldest son attended Western Michigan University. The parties' minor child, TS, was preparing to begin his freshman year of high school. Plaintiff was 56 years old and defendant was 53 years old. In 2017, plaintiff worked as a wealth advisor and earned a gross annual salary of $463,027.45. Defendant worked as an elementary school teacher; defendant's contract for the 2017-2018 academic year provided her a gross annual salary of $68,104. Defendant was vested in the public school pension plan and during the marriage she made annual contributions of $24,000 to $27,000 to her 403(b) account and $6,500 to her IRA account.

In September 2017, after 27 years of marriage, plaintiff filed a complaint for divorce. The parties entered into a partial settlement agreement concerning custody of TS, child support, and division of most of the marital estate. Under the terms of the settlement, defendant had primary physical custody of TS and plaintiff was required to pay $3,000 per month in child support until TS reached the age of 18 or graduated from high school. With respect to the

-1-

marital estate, the parties each received over $1 million in assets, both parties received one-half equity in the martial home, which was estimated at $200,000, and both parties agreed to equally share defendant's public school pension and plaintiff's Bank of America retirement plan. The exact value of the public school pension and the retirement plan was unknown at the time of the agreement. Of defendant's $1 million in marital assets, $455,748.59 was classified as after-tax property, and $655,624.21 was classified as pre-tax property.

Following the partial settlement agreement, there were two issues for trial: (1) the distribution of certain inherited properties, and (2) spousal support. Defendant requested a permanent spousal support award of $8,400 per month subject to future modification. Defendant argued that this amount was necessary to allow her to live a lifestyle that she was accustomed to while allowing her to continue to make significant retirement contributions. Plaintiff maintained that spousal support was not warranted because defendant earned a good salary, she received over $1 million in marital assets, and she was well-prepared for retirement.

At the bench trial, defendant testified that her total expected monthly expenses amounted to approximately $10,200 per month. This included approximately $3,000 per month in retirement contributions. Defendant testified that her gross annual income was $68,000, but her net income was much lower after taxes, health insurance, and retirement contributions.

Plaintiff testified that he paid college tuition for the parties' oldest son and that he agreed to pay $3,000 per month in child support for TS. Plaintiff explained that after his child support obligation ended, he would be willing to pay $2,000 per month in spousal support until defendant was 67 years old or until he retired. Plaintiff managed the parties' finances and budget during the marriage; he reviewed expenses and calculated defendant's monthly expenses at approximately $5,782 per month.

After the close of proofs, the trial court held that certain inherited properties—a cottage and three commercial properties—were joint property valued at a total of $163,000. The trial court ordered that each party receive one-half the value of these properties upon their sale. The trial court proceeded to address spousal support. The trial court found that plaintiff's testimony concerning defendant's projected budget and expenses was more reliable given that he managed the parties' finances during the marriage. The trial court applied the spousal support factors and determined that defendant was entitled to spousal support. The trial court awarded defendant $2,000 per month in spousal support until she reached the age of 67; however, the trial court delayed spousal support payments until after plaintiff's child support obligation ended. In doing so, the trial court explained:

> during the term where she is entitled to child support of over $3,000 a month that she has the ability to support her budget and in fact would have disposable income above and beyond that and as a result the Court will follow the proposal, if you would, of [plaintiff] in this matter. And the Court would in fact not order spousal support until the month following the ending of the child support . . . [A]gain she has the $3,000 in child support during the interim and the Court would state in this matter she has referenced her budget and in the process ignored the spouse or the child support in this case and much of the expenses that she has in her house would be attributable to a child as well. And she's being

fairly compensated for that as well. So the Court will—and that is why the Court has deviated this matter and make this support commencing the month after child support ends.

The trial court considered defendant's age, her ability, and the division of the marital assets and concluded that defendant was "more than able to support herself." The trial court reasoned that awarding defendant $24,000 per year until she was 67 years old would allow defendant to avoid invading "her other assets" until she reached full retirement and began receiving Social Security. The trial court entered an amended judgment of divorce on August 16, 2018. This appeal then ensued.

## II. STANDARD OF REVIEW

We review a trial court's award of spousal support for an abuse of discretion. *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012). A trial court abuses its discretion when its decision "falls outside the range of reasonable and principled outcomes," *id*. at 26 (quotation marks and citation omitted), or when it makes an error of law. *In re Waters Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012). We review for clear error a trial court's factual findings with respect to the spousal support factors. *Loutts*, 298 Mich App at 26. "A finding is clearly erroneous if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake was made." *Id*. "If the trial court's findings are not clearly erroneous, we must determine whether the dispositional ruling was fair and equitable under the circumstances of the case." *Id*. "We must affirm the trial court's dispositional ruling unless we are convinced that it was inequitable." *Id.* (citations omitted).

## III. ANALYSIS

### A. MCR 3.206

Initially, plaintiff argues that defendant did not "properly plead a need for spousal support" as required by MCR 3.206 and therefore she should not have been permitted to request it at trial. MCR 3.206 governs "Initiating a Case" and it provides in relevant part as follows:

(A) Information in Case Initiating Document.

(1) The form, captioning, signing, and verifying of documents are prescribed in MCR 1.109(D).

(2) Except for matters considered confidential by statute or court rule, in all domestic relations actions, the complaint or other case initiating document must state . . .

\* \* \*

(5) A party who requests spousal support in an action for divorce, separate maintenance, annulment, affirmation of marriage, or spousal support, must allege facts sufficient to show a need for such support and that the other party is able to pay. [Emphasis omitted.]

-3-

In this case, defendant filed an answer in response to plaintiff's complaint for divorce. In the answer, defendant did not make any factual allegations, but requested that the trial court award her "temporary and permanent spousal support."

In his trial brief and on the first day of trial, plaintiff moved in limine to preclude defendant from requesting spousal support for failure to comply with MCR 3.206(A)(5). The trial court denied plaintiff's motion, noting that defendant requested spousal support in her answer and that the case scheduling order indicated that spousal support was at issue. The trial court reasoned that plaintiff had notice and there was no unfair surprise.

Plaintiff interprets MCR 3.206(A)(5) as requiring defendant to have made the required factual allegations to support her request for spousal support in her answer to his complaint. Plaintiff cites no authority for this interpretation. Although the court rule requires whichever party requests spousal support to make certain factual allegations, it does not strictly require either party to make such allegations in that party's initial pleadings. Compare MCR 3.206(A)(2)-(4), which refer expressly to "the complaint or other case initiating document," "the filing party," and "the complaint," with MCR 3.206(A)(1), which, though MCR 1.109(D), applies to all documents, and MCR 3.206(5), which applies to all parties.

Moreover, even assuming arguendo that defendant was required to comply with MCR 3.206 and failed to do so, such failure did not divest the trial court of its equitable powers or statutory authority to award spousal support. "A divorce case is equitable in nature, and a court of equity molds its relief according to the character of the case; once a court of equity acquires jurisdiction, it will do what is necessary to accord complete equity and to conclude the controversy." *Loutts*, 298 Mich App at 35 (quotation marks and citation omitted). Furthermore, MCL 552.23(1) provides that in a divorce action, the trial court "may also award to either party the part of the real and personal estate of either party and spousal support . . . as the court considers just and reasonable . . . " Therefore, plaintiff is not entitled to relief on this issue.

## B. SPOUSAL SUPPORT

Next, defendant argues that the trial court erred in delaying spousal support until plaintiff's child support obligation ended. Defendant also argues that the $2,000 monthly figure was inequitable.

First we address whether the trial court abused its discretion when it awarded defendant $2,000 per month. As noted above, MCL 552.23(1) provides the trial court discretion to award spousal support as part of a judgment of divorce. "The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Berger v Berger*, 277 Mich App 700, 726; 747 NW2d 336 (2008). A trial court should consider the following factors in awarding spousal support:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties,

(9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003).]

In this case, the trial court found that factors (2), (3), (4), (5), (6), (7), (8), (10), and (14) were relevant and it made findings as to these factors. The trial court did not consider relevant factors (1) (past relations and conduct); (9) (health of the parties); (11) (contributions of the parties to the joint estate); (12) (fault); and (13) (cohabitation).

On the record presented, we conclude that the trial court did not clearly err with respect to its factual findings relative to the spousal support factors. The trial court considered the parties had a lengthy marriage of 27 years and that both parties enjoyed a comfortable living standard that allowed them to make substantial contributions to their retirement accounts. There were no allegations of fault or abusive conduct. Defendant relied on plaintiff to manage the parties' finances and to plan for retirement. Plaintiff and defendant each obtained a college education and defendant earned a master's degree after she began her career as a teacher. The parties had several years of work left before retirement and neither party had medical issues that prevented them from continuing to work in their respective fields. Both parties were relatively young, did not have any health issues, and had established careers in their respective fields. However, the trial court correctly concluded that plaintiff earned substantially more income that defendant. In addition, the trial court recognized that plaintiff was able to pay spousal support. Plaintiff did not have any significant debts and both parties received over $1 million in marital assets. The trial court considered the parties' present situation, their past living standard, and their future earning potential in finding that the equities favored awarding defendant spousal support in this case. The trial court considered defendant's estimated monthly expenses, her share of the marital estate, and her future living arrangement. Thus, the trial court considered the relevant facts and circumstances and conducted a thorough review of all of the relevant spousal support factors and it did not clearly err in so doing.

Having concluded that the trial court did not clearly err with respect to its findings on the relevant spousal support factors, we must next determine whether the trial court's "dispositional ruling was fair and equitable under the circumstances of the case." *Loutts*, 298 Mich App at 26. The dispositional ruling must be affirmed unless we are "convinced it was inequitable." *Id*.

We conclude that the trial court did not abuse its discretion when awarding defendant $2,000 monthly spousal support award until defendant reaches age 67. While we may have awarded a different amount, given our standard of review, and our review of the record evidence presented, we conclude that the trial court's award of $2,000 per month was not an abuse of discretion. Simply stated, the trial court's award was "fair and equitable" given the circumstances of the case. Here, defendant was a well-established teacher with over 20 years' experience and a graduate-level education. Defendant's contract provided for a gross annual salary of approximately $68,000 per year. Defendant received an equal share of the marital estate, which amounted to over $1 million in assets. These assets included liquid assets and substantial retirement assets. Defendant also received one-half the equity of the marital home, which was estimated at $100,000, and approximately $80,000 for her share of a cottage and

commercial properties. In addition to these assets, defendant had one-half of her teacher's pension and one-half of plaintiff's Bank of America retirement plan. Moreover, defendant did not have any health concerns that would prevent her from working as a teacher until she reached retirement age. Defendant did not have any expensive hobbies and her vehicle was relatively new and paid for. She did not have any debts and plaintiff testified that he paid the college tuition for the parties' oldest son. The spousal support award ensured that defendant would not be impoverished and was "just and reasonable" given the circumstances. *Berger*, 277 Mich App at 726.

Although the trial court's $2,000 monthly award through age 67 was fair and equitable, the trial court nevertheless erred as a matter of law when it delayed spousal support until after plaintiff's child support obligation ended. The trial court reasoned that defendant did not need spousal support during the time that plaintiff was required to pay $3,000 per month in child support. The trial court concluded that the child support would allow defendant to meet her budget and noted "much of the expenses that she has in her house would be attributable to a child as well." In doing so, the trial court essentially considered child support payments as a substitute for spousal support. Such a finding by the trial court constituted an error of law.

Alimony and child support are distinct forms of support that are not interchangeable. "It is well settled that children have the right to receive financial support from their parents and that trial courts may enforce that right by ordering parents to pay child support." *Borowsky v Borowsky*, 273 Mich App 666, 672-673; 733 NW2d 71 (2007). In contrast, "[t]he main purpose of awarding spousal support is to balance the incomes and needs of the parties, without impoverishing either party." *Laffin v Laffin*, 280 Mich App 513, 519; 760 NW2d 738 (2008).

In *Laffin*, this Court struck down a "reciprocal alimony provision" in a consent judgment that required the defendant to essentially refund child support payments in the guise of alimony payments to the plaintiff. *Id*. at 517-518. Specifically, the consent judgment provided that "any future child support obligation imposed on plaintiff [will] result in a reciprocal alimony obligation imposed on defendant in the same amount." *Id*. at 516. This Court held that the provision violated public policy in that it "effectively nullifies the children's entitlement to support, by obligating defendant to remit the same amount back to plaintiff, under the guise of alimony." *Id*. at 517-518. This Court explained as follows:

> Although the reciprocal alimony provision is distinct in form from a provision totally precluding child support, it is a distinction without a difference. The purpose and effect of the reciprocal alimony provision are to ensure that the parties and the children remain in the same position financially, regardless of plaintiff's child support obligations. Thus, any amount that plaintiff might be required to remit to defendant and the children as child support is automatically offset by the payment of a like amount from defendant to plaintiff as alimony.
>
> We conclude that enforcement of this arrangement would deprive the parties' children of the child support they are entitled to by law, and, therefore, the reciprocal alimony provision is void as against public policy, because parties cannot bargain away their children's right to support. [*Id*. at 518-519.]

Although this case does not involve a reciprocal alimony agreement, *Laffin* is nevertheless instructive. A minor child has a right to child support and a parent may not bargain away that support. Moreover, while a party's child support obligation may impact how much that party is able to reasonably pay in alimony, a trial court cannot consider child support as a substitute for alimony. In this case, plaintiff testified that he was willing to pay $2,000 per month in alimony after his child support obligation ended; the trial court essentially adopted plaintiff's offer. The trial court concluded that defendant did not need spousal support for four years because plaintiff was required to pay child support during that time. In doing so, the trial court considered child support as a substitute for spousal support and permitted plaintiff to use child support as a bargaining chip to avoid paying spousal support. This amounted to an error of law in that it partially nullified the minor child's right to support. Accordingly, reversal and remand for reconsideration of spousal support is warranted.

In sum, the trial court abused its discretion in entering the spousal support order; although the $2,000 monthly award was equitable, the trial court erred as a matter of law in conditioning spousal support on plaintiff's fulfillment of his child support obligation. We therefore reverse the amended judgment in part and remand to the trial court for redetermination of spousal support. On remand, the trial court should not condition spousal support payments on plaintiff's fulfillment of his child support obligation. Rather, spousal support must "balance the incomes and needs of the parties, without impoverishing either party." *Laffin*, 280 Mich App at 519.

Reversed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Neither party having prevailed in full, neither party may tax costs. MCR 7.219.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Jane M. Beckering