*In re* CRAWFORD'S PETITION.

1. ELECTIONS—BALLOTS OF CHALLENGED VOTERS—REMOVAL OF COVER TO IDENTIFYING NUMBERS.
   The right to remove slips of paper pasted over identifying numbers on ballots of challenged voters and the determination of the validity of such ballots are vested in the circuit court in quo warranto and not in the board of canvassers (1 Comp. Laws 1929, § 3126).

2. SAME—CANVASSERS, BOARD OF—CERTIORARI—QUESTIONS REVIEWABLE.
   On certiorari to township board, acting as board of canvassers in election on question of organizing township into a single school district, circuit court has jurisdiction to examine and correct errors only where error is apparent upon the face of the returns of the canvassing board to the county clerk and such return is not to be confused with the canvassing board's return to the writ of certiorari (1 Comp. Laws 1929, § 3224).

3. SAME—QUO WARRANTO—CERTIORARI—QUESTIONS REVIEWABLE—REJECTION OF BALLOTS.
   While on quo warranto a circuit court has jurisdiction to review any properly presented questions concerning an election, such as whether or not certain ballots were properly rejected, such question may not be determined on certiorari (1 Comp. Laws 1929, §§ 3224, 3225).

4. SAME—CERTIORARI—JURISDICTION.
   On certiorari to board of canvassers, the circuit court is limited in its relief not only to that which it may grant "for error apparent upon the face of the returns" of the canvassing board to the county clerk but also to questions of law only (1 Comp. Laws 1929, § 3224).

5. SAME—QUO WARRANTO—JURISDICTION.
   Issues of fact may properly be presented in quo warranto proceedings to review action taken by a board of canvassers (1 Comp. Laws 1929, § 3225).

Appeal from Lapeer; Des Jardins (George W.), J. Submitted January 5, 1945. (Docket No. 43, Calendar No. 42,903.) Decided April 9, 1945.

Certiorari proceedings by Martin E. Crawford to review a recount by North Branch Township Board of results of election on question of organizing a township school district. Alameda McIntyre intervened. Plaintiff appeals from order entered. Affirmed.

*Herbert W. Smith*, for plaintiff.

*Taylor & Taylor*, for defendant township board.

*Louis C. Cramton*, for intervener.

NORTH, J. This is an appeal from certiorari proceedings in the circuit court to review and "correct" the return of the board of canvassers incident to a recount of the votes cast at a special election to determine whether the township of North Branch, Lapeer county, should be organized into a single school district. See school code, part 2, chap. 4 (2 Comp. Laws 1929, § 7410 *et seq.* [Stat. Ann. § 15.428 *et seq.*]). The relief sought by plaintiff (petitioner) in the circuit court was denied and he has appealed.

The result of the first canvass was:

| | |
|---|---|
| Ballots spoiled | 12 |
| Yes | 308 |
| No | 315 |

A recount was demanded and had with the result returned to the county clerk showing that the proposition to organize a single township district was carried, instead of having been lost as was shown by the

original canvass.   The return on the recount was
as follows:

Yes ......................... 306
No ......................... 300
Spoiled ballots ................. 13
Rejected ballots ............... 16

Thereupon appellant filed a petition in the circuit
court of Lapeer county praying that certiorari issue
to the township board of the township of North
Branch which, as provided by statute, had acted as
the board of canvassers, requiring the board to
certify the election records and proceedings; and,
among the other specific findings and determi-
nations sought, "That the court make a finding
that the vote upon the question of organizing said
township into a single school district was de-
feated."

The meritorious and controlling question of this
appeal arises from the following circumstances dis-
closed by the record.   At the time the election was
held certain voters were challenged as unqualified
voters.   After taking the oath provided by law, the
ballot of each of such voters was received, but be-
fore depositing such ballots in the ballot box the
election inspectors indorsed upon each of such bal-
lots the number corresponding to the number of the
voter's name on the poll list; but in order that these
ballots might not be identified by the placing of the
voter's number thereon, a piece of blank paper of the
same color and appearance as the ballot was pasted
over the number and thereby the number written on
the ballot was wholly concealed.   When canvassing
the ballots incident to the recount the canvassing
board laid aside 22 of the ballots on the back of
which there was a slip of paper pasted in the man-
ner above noted.   In the course of the recount the
canvassing board removed the slips pasted on the

back of such ballots and by reference to the poll list identified the respective challenged voters who had cast these ballots; and evidently proceeded to determine whether each of such voters was a legally qualified voter at the election. The board's determination in this respect resulted in their excluding from the canvass 15 "no" votes, which were returned as "rejected." It is admitted by all parties concerned that in proceeding in the manner above noted as to the ballots of challenged voters the canvassing board exceeded its authority. The right to remove from such ballots the slips of paper pasted thereon and the determination of the validity of such ballots are vested by statute in the circuit court upon the bringing of proper proceedings. See 1 Comp. Laws 1929, § 3126 (Stat. Ann. § 6.415). If, as it was its duty to have done, the board on recount had included each of these 15 "no" ballots, the proposal to organize a single school district in the township would have lost.. Because of an alleged irregular marking thereon, the canvassing board rejected another "no" ballot. Thus a total of 16 "rejected" ballots and 13 "spoiled" ballots were not counted. No complaint is made concerning the disposition of the "spoiled" ballots.

To review and "correct" the above irregularity in the recount canvass, appellant instituted the certiorari proceedings in the circuit court; but, as above noted, the circuit judge denied the relief sought on the ground that since the proceeding before him was by certiorari (instead of quo warranto) he was without power to grant the relief sought by appellant. Because of the statutory restrictions about to be noted, the holding of the circuit judge must be sustained.

Appellant's proceeding by certiorari in the circuit court is controlled by the provisions of 1 Comp.

Laws 1929, § 3224 (Stat. Ann. § 6.535), which in part reads:

"Any qualified elector voting at the last preceding election when a proposed constitutional amendment or any other proposition has been voted on, may, *for error apparent upon the face of the returns,* have the same examined and corrected upon certiorari to the circuit court of the county, according to the rules and practices applicable to such writ."

The circuit judge rightly held that on the face of the returns made on the recount by the canvassing board to the county clerk no error was apparent. But appellant stresses the fact that in the return of the canvassing board to the writ of certiorari the following appears:

"Further in answer to such petition, defendant admits that it erred in the recount in throwing out the 16 ballots marked 'no' and that the same should be counted and that the Court should make a finding that the proposition voted upon at the election of June 22, 1944, was defeated by a majority of 'no.' votes cast at such election."

To a great extent throughout his brief appellant seems to have confused the above return of the board to the writ of certiorari with the return of the board to the county clerk incident to the recount. The above-quoted statutory provision limiting relief on certiorari to "error apparent upon the face of the returns" clearly refers to the return of the canvassing board to the county. clerk, and not to some return which may be made by the canvassing board to a subsequently issued writ of certiorari. The circuit judge was not in any way bound by the canvassing board's return to the writ of certiorari. The rights of the voters at this election could not be frittered away by the board's gratuitous admissions.

As pointed out in the opinion of the circuit judge, appellant herein was not without adequate remedy if he saw fit to pursue the same. In his opinion the circuit judge said: ''Upon the filing of 'quo warranto' proceedings under the second statute (1 Comp. Laws 1929, § 3225 [Stat. Ann. § 6.536]) the issues will broaden out and the Court can fully review any questions properly presented. * * * Whether or not they (the 15 ballots) were properly rejected can only be determined in quo warranto proceedings, still available to petitioner.'' Appellant's insistence upon proceeding by certiorari would seem to indicate that he wished to avoid a proceeding in quo warranto wherein the question might be determined as to how many, if any, of the voters who cast the 15 rejected ''no'' ballots were not legally entitled to vote. Even in the present certiorari proceedings, the court and all parties concerned except appellant were willing to proceed as in quo warranto, but appellant refused to consent. Since appellant has elected to come before the court by certiorari, he is bound by the express terms of the statute providing that in certiorari one may have relief only ''for error apparent upon the face of the returns'' of the canvassing board to the county clerk. And appellant in this certiorari proceeding is also further restricted by the ''rules and practices applicable to such writ'' (1 Comp. Laws 1929, § 3224 [Stat. Ann. § 6.535]), which is to say that issues of fact are not reviewed by certiorari, but questions of law only. This limitation also prevented the trial court in this certiorari proceeding from passing upon issues of fact which might properly have been determined in quo warranto proceedings.

While in disposing of this case the circuit judge granted some rather inconsequential relief as to the form of the return made by the canvassing board on the recount, he denied further relief sought by

appellant. Other questions presented by appellant are not such as would affect ultimate decision in the present appeal, and therefore need not be discussed. Under this record the conclusion and judgment of the trial judge were correct and are affirmed. Both the original appellee and the intervening appellee will have costs of this Court against appellant.

Starr, C. J., and Wiest, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.