LAKE v. TOWNSHIP OF NORTH BRANCH.

1. QUO WARRANTO—VALIDITY OF ELECTIONS—EXCLUSIVE REMEDY.
    The statutory remedy of quo warranto in the circuit court to
    test the validity of an election at which material fraud or
    error is claimed to have been committed is exclusive and must
    be brought within 30 days after the election (3 Comp. Laws
    1929, §§ 15298, 15299).

2. JUDGMENT—QUO WARRANTO—EQUITY—ELECTIONS—FRAUD.
    Bill to vacate election result was properly dismissed where
    remedy of quo warranto had previously been invoked, pro-
    ceedings therein dismissed after hearing and no appeal taken,
    the adjudication therein adverse to plaintiffs' contention
    herein being binding upon plaintiffs as to fraud alleged in
    equity suit (3 Comp. Laws 1929, § 15298).

3. ELECTIONS—BOARD OF CANVASSERS—ASCERTAINMENT OF IDENTITY
    OF VOTERS—BALLOTS.
    The action of a board of canvassers of an election in removing
    paper stickers which concealed the number on the ballots cast
    by voters whose right to vote was challenged and, after ascer-
    taining the identity of each of such voters, determined whether
    he was legally qualified to vote, was without the power of the
    board.

4. QUO WARRANTO—FRAUD IN ELECTIONS—BOARD OF CANVASSERS.
    Whether or not the action of a board of canvassers, in ascer-
    taining the identity of challenged voters through removal of
    stickers concealing the number on the ballots and then deter-
    mining whether such voters were legally qualified to vote, con-
    stituted fraud which might have invalidated an election was
    an issue adjudicable in quo warranto proceedings and the fact
    that the board took such unlawful action would not prevent
    the circuit judge from making a determination as to the
    validity of the election in such proceedings thereafter taken
    (3 Comp. Laws 1929, § 15298).

5. JUDGMENT—QUO WARRANTO—EQUITY—ELECTIONS—COLLATERAL ATTACK.

Where fraud alleged in bill to vacate election result was adjudicable in quo warranto proceedings previously held and decision therein was adverse to plaintiffs' contention herein, to grant relief herein would, in effect, vacate the judgment in the quo warranto case, a practice not permissible (3 Comp. Laws 1929, §§ 15298, 15299).

6. EQUITY—RELIEF AGAINST JUDGMENT AT LAW—DEFENSES.

Equity will not relieve a party against a judgment at law on the ground of its being contrary to justice, unless the defendant was ignorant of his defense pending the suit, or facts could not be received as ,a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud, accident, or act of the opposite party, from availing himself of his defense.

Appeal from Lapeer; Hartrick (George B.), J., presiding. Submitted January 15, 1946. (Docket No. 92, Calendar No. 43,210.) Decided April 1, 1946.

Bill by Ford Lake and others against the Township of North Branch and others to set aside an election. Decree for defendants. Plaintiffs appeal. Affirmed.

*Herbert W. Smith,* for plaintiffs.

*Louis C. Cramton,* for defendants Township School District and Board of Education of North Branch Township.

NORTH, J. This is a suit in equity in which plaintiffs seek to enjoin "defendants from performing any official acts in relation to the township school district of the township of North Branch," in Lapeer county. Plaintiffs seek this injunctive relief on the theory of an alleged fraud in the conduct of an election held June 22, 1944, on a proposal to organize

North Branch township into a township school district. The bill of complaint was dismissed and plaintiffs appeal.

In the main the factual background of this litigation appears in *Re Crawford's Petition,* 311 Mich. 70. Otherwise we need note only the following. The result of a recount by the board of canvassers of the ballots as certified to the county clerk was that the proposition to organize a township school district was carried. Then followed the certiorari proceedings reported in the *Crawford Case, supra,* wherein dismissal by the circuit judge was affirmed in this Court. Prior to the final determination of the certiorari case, quo warranto proceedings were heard and decided in the circuit court. In that case the circuit judge found "that the result of the recount conducted June 27, 1944, upon the votes taken in the election of June 22, 1944, in said township upon the special proposition of organizing a township school district, was without material fraud or error, and should be allowed to stand." The quo warranto proceedings were dismissed in the circuit court, and no appeal was taken. The quo warranto case was brought under the statute (3 Comp. Laws 1929, § 15298 [Stat. Ann. § 27.2342]) which provides:

"A petition ( in quo warranto) may be filed in the circuit court of any county of this State whenever it shall be made to appear that material fraud or error has been committed at any election in such county at which there shall have been submitted any constitutional amendment, question, or proposition to the electors of the State or any county, township or municipality thereof."

The remedy provided in this statute is exclusive and must be brought within 30 days after such election. 3 Comp. Laws 1929, § 15299 (Stat. Ann. § 27.2343); *Youells* v. *Morrish,* 218 Mich. 194,

wherein it is said: ''To assail such proceedings he (the petitioner) must do so in the manner pointed out by the statute.'' In the quo warranto proceedings the petition alleged: ''Material fraud and error was committed at a special election held in said township upon the proposition of organizing such township into a single school district.''

It thus appears that prior to the instant suit in equity these litigants had their day in court in a proceeding wherein any alleged fraud incident to the election could have been and should have been established, and its effect, if any, upon the election results promptly adjudicated. Dismissal of the quo warranto proceedings after hearing, no appeal having been taken, rendered that adjudication final and binding upon the plaintiffs in the instant equity case as to the alleged fraud in consequence of which they now assert the election result should be vacated. Plaintiffs in the instant equity case had a complete and adequate remedy at law. It was invoked. The adjudication was adverse to the contention of plaintiffs in the instant case. They are bound thereby. The circuit judge correctly so held and for that reason dismissed the bill in the instant case.

The specific fraud alleged by plaintiffs in this equity suit is that the board of election canvassers proceeded illegally when, in canvassing the votes on the recount, they removed the paper stickers which concealed the number on the ballots cast by voters whose right to vote was challenged, and after thus ascertaining the identity of each of such voters the board determined whether he was legally qualified to vote. See *In Re Crawford's Petition, supra.* Admittedly the board of canvassers had no right to proceed in the manner above indicated; but even if their action constituted a fraud which might have invalidated the election, that issue should have been

adjudicated in the quo warranto proceedings. And in any event the unlawful action of the canvassing board did not interfere with or in any way prevent the subsequent determination of the validity of the election by the circuit judge in the quo warranto proceedings from which no appeal was taken.

Upon hearing the quo warranto proceedings the circuit judge, as above stated, found "that the result of the recount   *   *   *   was without material fraud or error, and should be allowed to stand." In the instant equity case plaintiffs, on the ground of alleged fraud which was open to adjudication in the quo warranto proceedings, seek to have the election result set aside and to be held null and void. This, in effect, would vacate the judgment in the quo warranto case. Such practice is not permissible. See *Thompson* v. *Doore,* 269 Mich. 466, 470; and *Gray* v. *Barton,* 62 Mich. 186, 196, where it is said:

"Equity will not relieve a party against a judgment at law on the ground of its being contrary to justice, unless the defendant was ignorant of his defense pending the suit, or facts could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident, or the act of the opposite party, from availing himself of his defense."

As already stated, the circuit judge correctly held that the adjudication in the quo warranto proceedings was in effect a bar to granting relief in the instant equity case. His decree dismissing plaintiffs' bill of complaint is affirmed. Costs to appellees.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and STARR, JJ., concurred.