# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF ALMONT, TOWNSHIP OF
MARATHON, TOWNSHIP OF DEERFIELD,
NOLAN KINDER, RAYMOND R. HAYES,
MARC STOVER, CAROL HOFFNER,
ROBERTA KUDSIN, PAUL BOWMAN, FRED
MOOREHOUSE, DAWN JOHNSON, and DALE
FULLER,

UNPUBLISHED
October 16, 2018

      Plaintiffs-Appellants/Cross-
Appellees,

v

No. 339852
Lapeer Circuit Court
LC No. 17-050671-CZ

COUNTY OF LAPEER,

      Defendant-Appellee/Cross-
Appellant,

and

LAPEER COUNTY EMERGENCY MEDICAL
SERVICE AUTHORITY,

      Defendant-Appellee,

and

KOLBY MILLER,

      Not Participating.

Before: MURRAY, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs appeal by right a trial court order granting summary disposition in favor of defendants County of Lapeer and Lapeer County Emergency Medical Service Authority as to plaintiffs' first amended and second amended complaints. Lapeer County cross-appeals a trial court order granting in part plaintiffs' motion for a protective order and granting nonparty Kolby

-1-

Miller's motion to quash a subpoena and for a protective order. Lapeer County also cross-appeals a trial court order denying its motion for attorney fees and costs. We affirm.

## I. FACTS

On November 8, 2016, residents of Lapeer County voted on the following ballot proposal:

MILLAGE FOR EMERGENCY MEDICAL SERVICES

LAPEER COUNTY MILLAGE FOR EMERGENCY MEDICAL SERVICES

Shall the Constitutional limitation on the total amount of taxes that may be levied on all taxable property in Lapeer County be increased by 1 mill ($1.00 for each $1,000) of the taxable value of such property for a period of four (4) years (2016 through 2019 inclusive), for the purpose of establishing a county wide ambulance service (Emergency Medical Service) through a county interlocal government agreement with Lapeer County EMS as provided by the Urban Cooperation Act.

The estimated revenue to be collected in the first year that the millage is authorized and levied is $2,704,615.

This proposed millage is new additional millage.

After the voters approved the initiative and the results were certified, Lapeer County entered into a contract with Lapeer County EMS Authority, a municipal authority, for the purpose of implementing the ballot proposal. Under the terms of the contract, Lapeer County would distribute the tax revenue from the ballot proposal to the Lapeer County EMS Authority, which would use the revenue to establish a county-wide ambulance service.

On March 15, 2017, plaintiffs Township of Almont and Township of Marathon commenced this suit, alleging that the ballot proposal was "void and unenforceable" in that it violated MCL 211.24f and MCL 211.24f(2)(a), provisions of the General Property Tax Act (GPTA), MCL 211.1a *et seq*. Plaintiffs also alleged that the ballot proposal violated MCL 168.643a, a provision of the Michigan Election Law, MCL 168.1 *et seq*. Plaintiffs requested that the trial court enjoin Lapeer County from disbursing tax proceeds to the Lapeer County EMS Authority. Plaintiffs later filed a first amended complaint adding plaintiff Township of Deerfield to the proceeding.

The trial court granted summary disposition in favor of defendants as to the claims raised in the first amended complaint pursuant to MCR 2.116(C)(4) and (8). The trial court held that MCL 600.4545 governed challenges to alleged errors in elections and that a complaint under the statute must be filed within 30 days of the election. Because plaintiffs failed to file their complaint within 30 days of the November 8, 2016 election, the trial court concluded that the complaint was untimely and that it lacked subject-matter jurisdiction. However, the trial court granted plaintiffs' motion to file a second amended complaint.

-2-

Plaintiffs filed a second amended complaint adding nine individual taxpayers as plaintiffs and alleging a new claim: that Lapeer County's disbursements of the tax revenue to Lapeer County EMS Authority violated the "stated ballot language." Plaintiffs argued that millage proceeds from the ballot proposal "must be spent, by law," in accordance with the ballot language—i.e., to "establish" a county-wide EMS system. Because Lapeer County EMS Authority already existed at the time the ballot proposal was approved, disbursement of the millage to Lapeer County EMS Authority did not "establish" a county-wide EMS system.

The trial court granted summary disposition in favor of defendants as to the second amended complaint pursuant to MCR 2.116(C)(10). The contract between Lapeer County and Lapeer County EMS Authority complied with the ballot proposal, the court held, because the language of the ballot proposal proposed to create a county-wide EMS service and did not require the creation of a new EMS provider. Plaintiffs appeal by right. Lapeer County cross-appeals by right a discovery order the trial court entered on July 25, 2017, and a July 31, 2017 order denying its motion for attorney fees and costs.

## II. FIRST AMENDED COMPLAINT

Plaintiffs contend that the trial court erred in granting summary disposition in favor of defendants as to the claims contained in the first amended complaint. "This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The trial court granted summary disposition pursuant to MCR 2.116(C)(4) and MCR 2.116(C)(8). Summary disposition is proper under MCR 2.116(C)(4) when "[t]he court lacks jurisdiction of the subject matter." MCR 2.116(C)(4). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Maiden*, 461 Mich at 119. "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted). "Issues of statutory construction involve questions of law that we review de novo." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 271; 826 NW2d 519 (2012).

MCL 600.4545 governs quo warranto actions, and it provides as follows:

(1) An action may be brought in the circuit court of any county of this state whenever it appears *that material fraud or error has been committed at any election* in such county at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township, or municipality thereof.

(2) Such action shall be brought within 30 days after such election *by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof.* Such action shall be brought against the municipality wherein such fraud or error is alleged to have been committed.

-3-

(3) After such action is brought the procedure shall conform as near as may be to that provided by law for actions for quo warranto. [Emphasis added.]

In *Salem Springs, LLC v Salem Twp*, 312 Mich App 210; 880 NW2d 793 (2015), this Court addressed standing under MCL 600.4545. In that case, the plaintiff, a limited liability company, brought a quo warranto action under MCL 600.4545 challenging "the results of a voter referendum pertaining to a zoning amendment in Salem Township." *Id*. at 212. The trial court granted summary disposition in favor of the plaintiff and invalidated the results of the referendum. *Id*.

On appeal, this Court reversed, holding that the plaintiff did not have standing to commence a quo warranto action under MCL 600.4545. *Id*. at 212-213. This Court explained as follows:

When a cause of action is governed by statute, the Legislature may, of course, choose to limit the class of persons who may raise a statutory challenge.

\* \* \*

According to the plain language of the statute, an action to challenge an election under MCL 600.4545 may be brought by (1) the attorney general, (2) the prosecuting attorney of the proper county, or (3) any citizen of the county. . . . However, because MCL 600.4545 expressly empowers select persons to file suit, it follows under the principle of *expressio unius est exclusio alterius* that only those individuals specifically identified in the statute have authority to bring an action under the statute. *In other words, the statute prevents persons not identified in the statute from bringing a challenge to election results*. [*Id*. at 217-218 (quotation marks and citations omitted; emphasis added).]

Because the plaintiff was not the prosecuting attorney, the attorney general, or a citizen of the county, the plaintiff lacked standing to challenge the election results. *Id*. at 218-223.

Plaintiff-townships concede on appeal that they lacked standing to challenge the election results under MCL 600.4545(2). And for good reason. It is undisputed that plaintiff-townships are not the prosecuting attorney or the attorney general, and plaintiff-townships admit that they are not a "citizen" of Lapeer County. Accordingly, plaintiff-townships lacked standing to bring a quo warranto action under MCL 600.4545(2). The trial court did not err in granting summary disposition in favor of defendants as to the first amended complaint.[1]

Plaintiff-townships' main assertion is that they have standing to bring an equitable action to challenge the election result, which they argue is implied in MCL 41.2. However, nothing in MCL 41.2 confers standing on townships to challenge the result of an election. Rather, the much

---

[1] Although it did so under the wrong court rule. Specifically, summary disposition was appropriate under MCR 2.116(C)(5) ("The party asserting the claim lacks the legal capacity to sue.").

more specific MCL 600.4545 provides an exclusive remedy to challenge the results of an election based on alleged error or fraud. See *Salem Springs*, 312 Mich App at 218 (noting that "[MCL 600.4545] prevents persons not identified in the statute from bringing a challenge to election results"); see also *Lake v North Branch Twp*, 314 Mich 140, 142; 22 NW2d 248 (1946) (in discussing a quo warranto action commenced under a former statute, the Court noted: "The remedy provided in this statute is exclusive and must be brought within 30 days after such election"). In short, MCL 600.4545 provides an exclusive means to challenge an election based on allegations of fraud or error, and as noted, plaintiffs admit they do not have standing under MCL 600.4545.

*Tkachik v Mandeville*, 487 Mich 38; 790 NW2d 260 (2010), does not support plaintiff-townships' argument that they had a suit in equity to challenge the election results. First, unlike in *Tkachik*, this case did not involve a unique set of circumstances involving the abandonment of a cancer-stricken spouse. Second, in this case, there were other adequate legal remedies available to challenge the ballot proposal. Specifically, the taxpayer residents had standing to file a quo warranto action under MCL 600.4545. As residents of Lapeer County, the residents of plaintiff-townships had standing to bring a suit challenging the ballot proposal within 30 days of the election. See MCL 600.4545(2). The Legislature enacted MCL 600.4545 to provide a means to address alleged fraud or error in an election. Merely because the statute does not convey standing to plaintiff-townships does not mean that plaintiff-townships have an equitable remedy. Accordingly, the taxpayer residents had an adequate legal remedy to redress the alleged harms they suffered and, contrary to plaintiff-townships' arguments, the trial court did not err in declining to grant equitable relief. See *Tkachik*, 487 Mich at 45-46.

In sum, plaintiff-townships did not have standing to file a quo warranto action under MCL 600.4545 and plaintiff-townships did not have a claim of relief sounding in equity. Accordingly, the trial court did not err in granting summary disposition in favor of defendants as to the claims raised in the first amended complaint. See MCR 2.116(C)(5); MCR 2.116(C)(8).

### III. SECOND AMENDED COMPLAINT

We likewise disagree with plaintiffs' contention that the trial court erred in granting summary disposition of the claim raised in the second amended complaint pursuant to MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden*, 461 Mich at 120. "In evaluating a motion for summary disposition brought under [MCR 2.116(C)(10)], a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*.

Resolution of this issue requires us to interpret the language of the ballot proposal. In interpreting an instrument that derives its validity from the popular vote, the Michigan Supreme Court has explained as follows:

> *The interpretation that should be given it is that which reasonable minds, the great mass of the people themselves, would give it. . . .* [T]he intent to be arrived at is that of the people, and it is not to be supposed that they have looked for any dark or abstruse meaning in the words employed, *but rather that they have*

*accepted them in the sense most obvious to the common understanding*, and ratified the instrument in the belief that that was the sense designed to be conveyed. [*Mich Farm Bureau v Hare*, 379 Mich 387, 391; 151 NW2d 797 (1967) (quotation marks and citation omitted).]

It is undisputed that Lapeer County EMS Authority existed before the ballot proposal was submitted to the voters. It is also undisputed that, after the voters approved the ballot proposal, to effectuate the ballot proposal, Lapeer County entered into a contract with Lapeer County EMS Authority to provide county-wide EMS services. Under the terms of the contract, the tax proceeds from the approved millage are used to fund Lapeer County EMS Authority. This arrangement did not violate the terms of the ballot proposal.

The operative language of the ballot initiative proposed to: (1) increase taxes by 1 mill on the taxable value of property; (2) "for the purpose of establishing a county wide ambulance service [EMS]"; (3) "through a county interlocal government agreement with Lapeer County EMS . . . ." Importantly, this language did not propose to create "Lapeer County EMS." Rather, it proposed to effectuate the county-wide EMS service by contracting with "Lapeer County EMS." The absence of language indicating that "Lapeer County EMS" would be created supports that "Lapeer County EMS" was an entity that was in existence at the time the proposal was submitted to voters. Thus, plaintiffs' argument that Lapeer County EMS is a distinct entity from defendant Lapeer County EMS Authority is unavailing.

More importantly, Lapeer County's contract with Lapeer County EMS Authority "established" county-wide EMS service in accord with the terms of the ballot proposal. The Michigan Supreme Court has previously defined the word "establish" as follows: " 'To establish' means to originate and secure the permanent existence of; to found; to institute; to create and regulate; to make stable and firm." *Muskegon Traction & Lighting Co v City of Muskegon*, 167 Mich 331, 337; 132 NW 1060 (1911) (quotation marks omitted).[2] Although EMS providers previously provided county-wide EMS service, before voters approved the ballot proposal and Lapeer County contracted with Lapeer County EMS Authority, there was no voter-approved, taxpayer-funded, county-wide EMS service in Lapeer County. Therefore, the contract originated, secured the existence of, founded, instituted, and created—i.e., "established" a taxpayer-funded, voter-approved, county-wide EMS service in accord with the terms of the ballot proposal. Accordingly, the trial court did not err in granting summary disposition in favor of defendants and dismissing the second amended complaint pursuant to MCR 2.116(C)(10).

Plaintiffs contend that the ballot proposal mandated the establishment of a new EMS provider. However, the operative language of the ballot proposal provided that the tax millage was "for the purpose of establishing a county wide ambulance service [EMS]." The ballot proposal did not require the creation of a new entity to provide that service. Moreover, the ballot proposal referred to "Lapeer County EMS," and the manner in which this entity was referred to

---

[2] Merriam-Webster's Collegiate Dictionary (11th ed) defines "establish" in relevant part as "to institute (as a law) permanently by enactment or agreement," "to make firm or stable," or "to bring into existence."

connotes that "Lapeer County EMS" was in existence at the time the proposal was submitted to voters, and that the county-wide service would result through an inter-governmental agreement with that entity. Plaintiffs' arguments to the contrary are devoid of merit and the trial court did not err in granting summary disposition in favor of defendants as to the claim in the second amended complaint.

## IV. DISCOVERY ORDERS

On cross-appeal, Lapeer County argues that the trial court erred with respect to two discovery orders. We review a trial court's decision on a motion regarding discovery for an abuse of discretion. *Holman v Rasak*, 486 Mich 429, 436; 785 NW2d 98 (2010). "A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes." *Fette v Peters Const Co*, 310 Mich App 535, 547; 871 NW2d 877 (2015). In addition, "[a] court by definition abuses its discretion when it makes an error of law." *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

During discovery, Lapeer County submitted discovery requests that can be generally described as a request to disclose information regarding whether a nonparty funded plaintiffs' lawsuit. In addition, Lapeer County sent a subpoena duces tecum to nonparty Miller, the Chief Executive Officer of an entity called Medstar Inc., the parent company of Medstar Ambulance (Medstar), which provided EMS services within the county. Lapeer County sought to uncover information regarding whether Miller funded this lawsuit. The trial court granted Miller's motion to quash the subpoena and for a protective order; the trial court also granted in part plaintiffs' motion for a protective order. The trial court reasoned that information regarding who paid plaintiffs' legal counsel was not relevant to the issues in this case. The trial court did not abuse its discretion in doing so.[3]

MCR 2.302(B)(1) provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of another party, including the existence, description, nature, custody, condition, and location of books, documents, or other tangible things, or electronically stored information and the identity and location of persons having knowledge of a discoverable matter. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

---

[3] This Court granted Miller's motion to dismiss Lapeer County's cross-appeal as to Miller, so we need not address whether the trial court abused its discretion in granting Miller's motion to quash the subpoena and for a protective order.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401.

Lapeer County's discovery requests sought information pertaining to who was actually behind the filing of the lawsuit and the payment arrangement for plaintiffs' attorneys. This case turned on the trial court's interpretation and application of MCL 600.4545 and on the interpretation of the language of the ballot proposal. Information pertaining to how plaintiffs' lawyers were being paid and whether these plaintiffs were actually pursuing the case had no bearing on the resolution of these issues. Although the information could be used to impeach testimony of plaintiff-taxpayers and undermine their assertion that language in the ballot proposal was confusing, witness testimony had no bearing on the interpretation and application of MCL 600.4545, or its interpretation of the ballot proposal. This is because interpretation of a legal instrument involves a question of law for the trial court to decide. See e.g., *Cuddington*, 298 Mich App at 271 (noting that "[i]ssues of statutory construction involve questions of law . . ."). Accordingly, evidence of what person or entity was paying plaintiffs' legal bills was not relevant to any fact of consequence in this proceeding, and the trial court did not abuse its discretion in entering the protective orders.[4]

## V. ATTORNEY FEES AND COSTS

Lapeer County argues on cross-appeal that the trial court erred in denying its motion for attorney fees and costs. "We review for an abuse of discretion a trial court's award of attorney fees and costs." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.) "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. The trial court's factual findings, if any, are reviewed for clear error. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005).

Lapeer County moved for attorney fees and costs arguing that plaintiffs' claims were frivolous. The trial court denied the motion, noting that this case involved a public question.

MCL 600.2591(1) provides a trial court with discretion to award costs and fees to a prevailing party if the trial court finds that the action was "frivolous" within the meaning of MCL 600.2591(3). Here, although the trial court granted summary disposition in favor of defendants, plaintiffs' claims were not "frivolous" within the meaning of MCL 600.2591(3). The Michigan Supreme Court has previously explained:

> Not every error in legal analysis constitutes a frivolous position. Moreover, merely because this Court concludes that a legal position asserted by a party should be rejected does not mean that the party was acting frivolously in

---

[4] Lapeer County cites to newspapers articles in support of its argument. This is an improper reference to materials outside the record, and we decline to consider them. See MCR 7.210(A)(1).

advocating its position. [*Kitchen v Kitchen*, 465 Mich 654, 663; 641 NW2d 245 (2002).]

The arguments advanced in the first amended complaint were not frivolous. Although plaintiff-townships did not have a remedy under MCL 600.4545, their arguments were not devoid of arguable legal merit. Plaintiff-townships raised a reasonable legal argument that they had a claim in equity. Furthermore, there was nothing to support that plaintiffs did not have a reasonable basis to believe the facts underlying their complaint, or that plaintiffs' primary purpose in filing the first amended complaint was to harass, embarrass, or injure defendants. See MCL 600.2591(3).

Similarly, the second amended complaint was not frivolous. The complaint was not devoid of arguable legal merit. Plaintiffs' argument regarding the interpretation of the ballot proposal and the meaning of the word "establish" was not devoid of arguable legal merit. Furthermore, there was nothing to support that plaintiffs had no reasonable basis to believe the facts underlying the complaint, or that plaintiffs' primary purpose in filing the complaint was to harass, embarrass, or injure defendants. See MCL 600.2591(3). The trial court did not abuse its discretion in denying Lapeer County's motion for attorney fees and costs.[5]

Affirmed.

No costs, a public question being raised. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause

---

[5] In a separate issue, Lapeer County argues that the trial court erred in denying its motion for attorney fees and costs because the trial court prevented Lapeer County from obtaining information on who was funding the lawsuit. In advancing this argument, Lapeer County reargues the discovery issue discussed above. As noted above, the trial court did not abuse its discretion with respect to its discovery orders.